INTERNATIONAL BANK OF ST. LOUIS, *Appellant*, v. FIFE *et al.*

1.  **Land** : PAROL GIFT. The finding of the trial court that there had been a parol gift of the land in controversy to defendants by the party under whom plaintiff claimed held supported by the evidence.

2.  —— : —— : ADVERSE POSSESSION. The possession of an absolute donee of lands in fee is adverse from the time of his taking possession.

3.  —— : —— : ——. Defendants in ejectment, who have been in adverse possession of the land for ten years, under a parol gift, will not have their claim defeated by proof that the donor had, within the statutory period, without the defendants' consent, executed a mortgage and deed of trust thereon, had paid taxes, and demanded rent of defendants ; as these acts, not being by defendants, do not show that they elected to abandon their claim under the gift.

4.  —— : —— : WAIVER. Where one takes possession of land under a parol gift which gives him the right to a deed immediately, the statute of limitations begins to run at once, and the defence of the statute will not be waived in ejectment by the answer setting up an equitable claim to the property.

*Appeal from St. Louis City Circuit Court.*—HON. AMOS M. THAYER, Judge.

AFFIRMED.

*Louis Gottschalk* for appellant.

(1) The defence of the statute of limitations is waived by the answer, as inconsistent with the equitable defence and prayer for deed. *Adair v. Adair,* 78 Mo. 630, 635. (2) There cannot be color of title to land, except by deed or writing. *Fugate v. Pierce,* 49 Mo. 441; *Crispen v. Hannovan,* 50 Mo. 536; *Long v. Higginbotham,* 56 Mo. 245. The case of *Rannels v. Rannels,* 52 Mo. 108, if in conflict with this rule of law, should be overruled. It is commented upon and criticized in Sedgwick & Wait on Trial of Titles to Land [2 Ed.] section 773, page 642. (3) A donee of land, under circumstances, such as defendants', holds the property permissively, and the statute of limitations does not run against any grantee of the donee made before title by limitation has accrued. Such donation is liable to be revoked at any time within ten years, and a conveyance to a third party by deed is such revocation. *Jackson v. Rogers,* 1 Johns. (N. Y.) 33; *Clark v. McClure,* 10 Gratt. 305; *Nowlins v. Reynolds,* 25 Gratt. 137; 2 Jones' Eq. 323; *Billington v. Walsh,* 57 Ala. 307; 5 Binney, 129; Sedgwick & Wait on Titles, p. 607, sec. 751. And defence of adverse possession forfeits right to notice to quit. (4) Plaintiff being a purchaser for value and without notice takes superior title, and defendants are estopped by their neglecting to take steps to compel Hymers to make deeds to them, and permitting him to hold himself out as owner and to borrow money on this lot, and execute mortgages thereon with their knowledge, thus assisting him to

defraud innocent persons, trusting to the record title. Sedgwick & Wait on Trial of Titles [2 Ed.] p. 708, sec. 244; *Ridgway v. Holliday*, 59 Mo. 447, 453; 1 Story Eq., secs. 385, 389; Bigelow on Est., sec. 493, note; 1 Hermann on Est., secs. 939, 943, 951, 952, 954, 958, 965, 917, 929. Also by defendants failing to pay taxes and permitting property to be assessed in name of Hymers and to insure in his name. *Gaines v. Saunders*, 87 Mo. 557. (5) Possession of defendants was no notice to plaintiff. The court found this in favor of plaintiff. *Staples v. Fenton*, 5 Hun (N. Y.) 112; *Beattie v. Butler*, 21 Mo. 313; *Vaughn v. Tracy*, 22 Mo. 415; *Whitman v. Taylor*, 60 Mo. 135.

*T. A. Russell* for respondents.

(1) The plea of the statute of frauds will not avail appellant. The part performance was sufficient to take the case out of the statute. *Young v. Montgomery*, 28 Mo. 604; *Self v. Cordell*, 45 Mo. 345; *Gupton v. Gupton*, 37 Mo. 47; *Adair v. Adair*, 78 Mo. 633. (2) The conveyance in question was good as a simple gift. *Rannels v. Rannels*, 52 Mo. 109; *Freeman v. Freeman*, 51 Barb. 306; *Mahon v. Baker*, 26 Pa. St. 519. (3) The appellant was not an innocent purchaser without notice. The possession of the land by respondents was sufficient to put him on inquiry. *Vaughn v. Tracy*, 22 Mo. 415; *Speck v. Riggin*, 40 Mo. 405; *Martin v. Jones*, 72 Mo. 23. (4) Respondents are protected by their ten years' adverse possession. *Nelson v. Brodhack*, 44 Mo. 596; *Ridgeway v. Holliday*, 59 Mo. 444.

RAY, J.—This is an action of ejectment, the petition being in the ordinary form to recover from defendants the possession of a house and lot situated in North St. Louis, Missouri. The answer sets up the statute of limitations, and also an equitable defence, in substance

that one Hymers, who is the common source of title, was left an orphan without means; "that he was supported by defendants without compensation; that he afterwards became prosperous, and in 1871 was indebted to defendant, Wm. G. Fife, in the sum of about sixteen hundred dollars; that, when said claim was presented, said Hymers admitted its correctness, and proposed that, in consideration of the great services rendered him by defendant in providing for him when a child, and also the release of said claim, to convey to defendant, Sarah J. Fife, by deed in fee, the property in dispute; that said proposition was accepted and said claim released; and that, on or about July 8, 1872, possession of said property was delivered to defendant, Sarah, by Hymers; and that said Sarah has been in peaceable possession ever since, and has made improvements thereon, but that said Hymers has never made a deed, notwithstanding several requests, to which said Hymers always made some excuses, but always recognized the ownership of said defendant, Sarah, and that he, on July 15, 1880, without the knowledge of defendant, undertook to convey said property by deed, together with other property in trust, to secure the payment of a debt due by him to plaintiff; that, in default of the payment of said debt, the right and title of said Hymers to said property was sold, and by trustee's deed conveyed to plaintiff, and that this constitutes the title of plaintiff. Also, that, at the time of the making of said deed of trust, defendant had been in possession for about eight years, and that plaintiff knew, or might, by proper diligence, have known, the fact that defendant claimed said property, and that when plaintiff purchased the same, it had notice of all these facts and of defendant's equitable title."

Plaintiff read in evidence at the trial, the record title, which was formal and regular, and consisted of a deed of trust from Hymers to Lange and Leise for the

benefit of plaintiff, dated and recorded in July, 1880, on the property in question, with other property, to secure a certain note for twenty-three thousand dollars, publication of notice of sale and deed of said trustees to plaintiff, dated in March, 1884, conveying the property in dispute. Said Hymers had given a former deed of trust to one Mills on the property, which was dated, acknowledged, and recorded in November, 1872, which was discharged, out of the funds borrowed from plaintiff, and released at the date of the trust deed in favor of plaintiff. Said first trust deed, in favor of Mills, was also read in evidence by plaintiff. The defendants went into possession of the premises, under claim of title from said Hymers, in July, 1872, more than ten years prior to the institution of this suit, and have ever since maintained their possession. The origin and nature of their equitable claim of title is sufficiently indicated by the abstract of the answer already given, which, together with the statute of limitations, as indicated, constitute the defence to the action. The evidence in this behalf will be noticed hereafter.

The case was tried by the court, without the aid of a jury, and the following action had, upon declarations of law. At the instance of plaintiff, the court gave those numbered one and four as follows:

"1. If the court believes from the evidence that Hymers gave the property in question to defendants, or one of them, to have and enjoy the same during life, and that plaintiff had no notice of such gift prior to its purchase, then such gift is no defence to plaintiff's claim."

"4. If defendants knew that Hymers, on the strength of his record title to the lot in question (and which was claimed by defendants as their own, under a parol gift from Hymers), contracted a loan from another party (who knew nothing of defendants' claim), to secure said loan, executed a deed of trust on said lot, without

objecting thereto, or without taking any means to remove the cloud on their title, caused by the existence of the record title, and if plaintiff purchased said lot at a sale under such deed of trust of Hymers, then said defendants are equitably estopped from asserting any claim against said plaintiff for said lot."

The court also gave at the instance of defendants the following :

"If the jury believe from the evidence, that Hymers gave the property in question to Mrs. Sarah J. Fife, and delivered the possession of the premises described in the petition to the defendant, Sarah J. Fife, and at the time promised to convey the same to her, and that defendants went into possession, claiming title according to such gift, and that such possession continued for a period of over ten years before the filing of the petition in this cause, and that such possession was notorious, visible, and actual for that period, then the court declares that said possession is adverse, and the jury should find for defendants."

Of its own motion the court also gave the following :

"5. If the court finds that the deed of trust referred to in instruction number four, was made and executed by Hymers without the knowledge or assent of the defendants, then the fact that the defendant took no action to contest the validity of said deed of trust, or to remove the cloud upon her title, after she discovered the execution of said deed of trust, will not prejudice her defence under the statute of limitations."

The court refused to give instructions numbered two and three, asked by plaintiff, and as follows :

"2. If the court believe from the evidence, that Hymers had, in 1872, the record title to the lot in question, and in that year gave the same by parol to Mrs. Fife, and that in pursuance thereof he delivered possession thereof to her ; yet, if a few months thereafter, said Hymers, for a valuable consideration, executed the deed

of trust read in evidence, by which said property was conveyed to secure the payment of a certain loan, and that said deed of trust was duly recorded, and defendants knew of this shortly after such execution, but took no steps to contest the validity of the same; and if plaintiff, afterwards, on the strength of such record title, and without notice of defendants' claim, advanced to said Hymers a large amount of money, which was partially used in taking up said deed of trust, and took from said Hymers his other deed of trust on this and other property to secure the payment of its loans so made, and if all other property has been sold under said deed of trust and did not bring sufficient to pay said loans, and if the lot in question was also sold after all other property was exhausted under the terms of said deed of trust, and plaintiff became the purchaser at such sale, then plaintiff is entitled to recover, although defendants may have been in adverse and uninterrupted possession for ten years prior to the commencement of this action."

"3. The court instructs that the statute of limitations constitutes no defence to this action, as against plaintiff."

The trial court found upon the various issues as follows: (1) That defendant, Mrs. Fife, held the property in question, as absolute donee of the fee from said Hymers; (2) that Mrs. Fife's merely equitable claim could not, however, prevail against the plaintiff, for the reason that plaintiff is not shown to have had notice of defendant's equitable title, but bought in good faith, for value and without notice from Hymers who had the record title; (3) that defendant has acquired title, under the statute of limitations; (4) that the equitable defence set up in the answer does not operate as a waiver of the statute of limitations also set up in the answer.

I. The finding of the court upon the issue whether the said gift was absolute and in fee, or conditional and

for life only, was, we think, well warranted by the evidence. Hymers admits that he gave the defendant, Mrs. Fife, the house to live in for her life, if she would take care of the old people. He testifies that he made his said declaration one night at the house of the Fife's ; that he does not know certainly who was there, and that he cannot say the declaration was not made at the wedding anniversary. Said Hymers is the only witness testifying in his behalf in this connection. On the other hand, both defendants testify that, on the twentieth of October, 1871, which was the twenty-fifth. anniversary of their marriage, he (Hymers) made Mrs. Fife a present of the house and lot in North St. Louis. The daughter, Emma Richards, also so testifies. Both. defendants say he promised to make a deed to Mrs. Fife. The witnesses, Stone, Earley, and Dr. Hughes, testify to statements made to them on various occasions. by Hymers, to the effect that he had given the house to Mrs. Fife. Hymers admits that the house was altered in some particulars at the suggestion and request of Mrs. Fife ; that he put her in possession of the property, which defendants held without rent being demanded of them until 1881. It appears that said Hymers was under obligations to the Fife's, which obligations he recognized in statements to several of the witnesses, and to some extent, in his own testimony. In 1849 he was taken, when a child, from an orphan asylum by the parents of the defendants, who were also then living with their said parents, and said Hymers continued to reside with said family until 1853, when the defendants moved to a different house, taking said Hymers to live with them, which he continued to do until 1856 or 1858. Between that time and 1871, he had prospered in busi- ness, and, at the time of the gift, was possessed, it seems, of ample means. Said Hymers, it is true, probably did not employ language such as would be used in deeds of conveyance, but he intended at that.

time, we think, to give Mrs. Fife the absolute estate, as a home, and this, we apprehend, was the natural purport of his language at the time.   There is, we think, a clear preponderance of the evidence in favor of defendants upon this issue.

II.   On the issue whether the plaintiff is chargeable with actual notice of the defendants' claim of title under the facts of the case, the court found for plaintiff, and that question may, we think, be waived, as the case was disposed of in the trial court, upon the theory that the defendants had acquired the legal title, under the statute of limitations, and, as we think this ruling of the trial court must be sustained, under the facts of the case, we do not deem it necessary to pass on the question of actual notice, and, therefore, waive the same.

III.   The defendants had been in the actual, open, and notorious possession of the property for some twelve years prior to the filing of this suit, and the whole question on this branch of the case is, whether, under the facts of the case, their said possession was adverse, within the meaning of the law.   Where an absolute and unqualified donee in fee takes possession of lands under a parol gift, his possession is thenceforth adverse to the donor.   Authorities are numerous to that effect, and among others, the case of *Rannells v. Rannells*, 52 Mo. 109, where it is said that the donee is to be regarded as holding adversely to the donor, "from the very inception of her entry under the parol gift." In the case at bar, it is claimed, however, that defendants are to be regarded as holding permissively and in subordination to Hymers, and not adversely, for the reason that Hymers paid the taxes up to 1881, executed the mortgage to Mills in November, 1872, demanded rent of defendants in 1881 before the ten years had expired, and again in 1880, executed the trust deed under which plaintiff claims, and for the further reason that defendants took no affirmative action to obtain a deed for the property.

These acts, however, were the acts of Hymers, and not of defendants. There is no evidence that Mrs. Fife, or her said husband, had any knowledge of Hymers' intention to execute said instruments. There is no evidence that either of said deeds was given with the consent of Mrs. Fife or her said husband. When Mr. Fife heard of the first mortgage to Mills, he went to see Hymers about it, who explained the matter—that he was building considerably, had to raise considerable money, and that he would discharge the mortgage, so far as this property was concerned, in a short time. The execution of these deeds, which was the act of Hymers, of which defendants had no knowledge before they were executed, and to which they gave no consent at any time, can afford no ground for the claim of plaintiff that defendants had elected to abandon their claim of title, according to the gift—that is, adversely to Hymers. No one claiming under the Mills deed of trust made any effort to disturb defendants' possession, and under the facts in evidence, Mrs. Fife could not have taken any steps, at law or in equity, which would have availed her anything as against the mortgage already executed, acknowledged, and recorded.

So, too, with reference to the deed of trust under which plaintiff claims. At the date thereof, the defendant had not acquired the legal title, under the statute of limitations, for the ten years had not run in 1880 or 1881, and her equitable claim of title under the parol gift and possession would not have prevailed against the plaintiff holding under the trust deed, if, as the court found, the plaintiff was not chargeable with actual notice of defendant's equitable claim. Defendant was not, we think, bound to take such affirmative action to obtain a deed, and whilst no effort was made to disturb her possession, she might continue to hold and claim the same, under said gift, openly, notoriously, and

adversely, which the evidence shows she did, and permit her possession and claim of title to ripen under the statute into the legal title. From July, 1872, when Hymers put defendant in possession, until 1881, he never demanded any rent, and when he did so demand rent in said year, and began his suit threatening her possession, she successfully defended the action, under her said possession and claim of title. At all times, when questioned on the subject, or when called upon to defend her possession, she has, so far as the evidence discloses, set up her claim of title, under said gift, with possession, which she has maintained openly, adversely, and notoriously for more than ten years prior to the institution of this action, and this, we think, under the authorities, gives her the legal title under the statute of limitations.

IV. A further claim in plaintiff's behalf, in substance, that the defence of the statute of limitations was waived by the equitable claim of title set up in the answer, remains to be noticed briefly. The case of *Adair v. Adair*, 78 Mo. 630, cited in support of this position, is, we think, not applicable. In that case, the vendee's possession, when taken, was not adverse to the vendor, the contract of purchase being executory. The legal title was reserved by the vendor until the payment of the purchase money, and until such payment by the vendee, his possession was not adverse. In the case before us, the possession of Mrs. Fife was adverse from the beginning. After taking possession, there was nothing more to be done on her part. Her right to the deed immediately arose, and the statute of limitations began at once to run in her favor.

There are some other questions presented, but none that would change the result, and they are, therefore, not discussed. This leads to an affirmance of the judgment of the trial court, and it is accordingly so ordered, with the concurrence of the other judges.