MERRITT I. WHEELER *vs.* MARK LAIRD.

Berkshire. September 11, 1888. — October 18, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Parol Gift of Land — Adverse Possession — Evidence.*

At the trial of a writ of entry, there was evidence of a parol gift of the demanded premises to the tenant; that he thereupon took possession of them and occupied them exclusively for twenty years; that during that time he claimed them as his own, the donor making no claim for rent or otherwise; that the tenant moved and repaired buildings, put a lightning-rod on the house, and rebuilt fences; that he set out fruit trees and employed men for nearly two years in cutting off bushes; that he always paid the taxes on the premises; that frequently he worked for the donor and received from him pay therefor, no portion of which was sought to be retained for the use of the premises; and that he pastured the donor's cow thereon and the donor paid him for the pasturage. *Held,* that there was evidence to warrant a finding that the tenant had acquired title by adverse possession.

WRIT OF ENTRY, dated August 5, 1887, to recover a farm in Great Barrington and Sheffield. Trial in the Superior Court, before *Staples,* J., who directed a verdict for the demandant, and allowed a bill of exceptions, the material part of which appears in the opinion.

*H. C. Joyner,* for the tenant.

*E. M. Wood,* for the demandant.

KNOWLTON, J. Both parties claim title to the demanded premises under John H. Coffing, who died on August 14, 1882. The demandant has a deed, dated May 19, 1887, duly executed by the executors of the will of Coffing under a power therein contained. The tenant claims a title by adverse possession, immediately following a parol gift of the property.

It is settled law, in this Commonwealth and elsewhere, that one who enters upon real estate by virtue of a parol gift, and, claiming as owner, continues for twenty years or·more an open, exclusive, adverse, and uninterrupted possession of it, thereby acquires a perfect title. *Sumner* v. *Stevens,* 6 Met. 337. *Motte* v. *Alger,* 15 Gray, 322. *Duff* v. *Leary,* 146 Mass. 533. *Comins* v. *Comins,* 21 Conn. 413. *Pope* v. *Henry,* 24 Vt. 560. *International Bank* v. *Fife,* 95 Mo. 118. The tenant at the trial

endeavored to bring himself within this doctrine. The presiding judge ruled that there was no evidence to be submitted to the jury in support of his claim, and directed a verdict for the demandant. The only question in the case is whether this ruling was correct.

John H. Coffing acquired title to the farm which is the subject of the controversy by a deed dated March 31, 1866. Previously to that time it had been owned by the Richmond Iron Works, a corporation of which he was president. The tenant testified that, about the middle of March, 1866, Coffing told him that he had bought the farm, and was going to give it to him as a home for himself and his wife, and that he said, among other things, " It is your farm ; I want you to enter the things in your name, pay all the taxes, and do as if it was your own." There was also evidence, from other witnesses, of declarations of Coffing at different times, from which the jury might have found that he made a parol gift of the farm to the tenant about March, 1866. The tenant further testified, that he took possession of it during that month, and that, as recited in the bill of exceptions, " he had occupied and claimed the premises as his own ever since; that he had moved two of the buildings, one a hog-pen which was in a dangerous condition, and repaired and shingled the buildings, and put a lightning-rod on the house, rebuilt the fences in part, . . . set out fruit trees, and employed men for nearly two years in cutting off bushes; that he had always paid taxes on said farm ; that said Coffing had never, after tenant took possession, during his lifetime, claimed any rent therefor, or exercised any control, or claimed to tenant that he had any interest in the demanded premises "; also, that " after he took possession of the farm he worked for Mr. Coffing very frequently, and that Mr. Coffing always paid him for such work, and never asked him to turn any of it for the use of the farm ; that at one time he pastured a cow for Coffing on the demanded premises, and Coffing paid him for the pasturage ; and that the demandant also hired pasture of him on the farm and paid him."

This evidence, if believed, would have warranted a verdict for the tenant; and there was no contradiction of his statement that he was in exclusive occupation of the farm from March, 1866, until May, 1887, and that Coffing never interfered with him, and

that Coffing's legal representatives first interfered when they made their bargain with the demandant in the spring of 1887.

There was a great deal of contradiction upon the question whether the tenant occupied adversely to Coffing or in recognition of his title, and also, incidentally, upon the question whether Coffing made a parol gift to the tenant. Some testimony was given by the tenant on cross-examination which tended greatly to weaken the effect of his testimony in direct examination; but the case shows no undisputed facts, and no admissions of the tenant, which, as matter of law, control the evidence relied on by him to show his adverse possession. There was direct contradiction as to the nature of interviews between the tenant and the executors in regard to the trespass of wood-choppers upon the land, and as to the capacity in which Mr. Dewey, an attorney at law and one of the executors, acted in writing a letter to one Smith, who employed the wood-choppers, notifying him to desist; and the tenant's testimony that the letter was written by Mr. Dewey as his attorney was in part corroborated by the witness Fay. In no part of the case was there an admission by the tenant of Coffing's or the executors' rights in the premises, or any such clear and definite recognition of them, as necessarily to show that his possession was permissive, and not adverse. What was the nature of his possession was, therefore, a question of fact for the jury, upon all the evidence, and not a question of law for the court.                    *Exceptions sustained.*