## WILLIAM A. WISHART *vs.* JOSEPH McKNIGHT.

Worcester.     September 29, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Disseisin.*

Where a strip of land is enclosed by a fence as if it belonged to an adjoining dwelling house and lot, and always is used with the house, which cannot be entered without passing over it, and the strip is not occupied or used otherwise than with the house, if the owner of both the strip and the house sells the house while a tenant is in possession of it and gives a deed which does not include the strip, it may be inferred, that possession of the strip was given by the landlord to the tenant, and afterwards was surrendered by the tenant to the landlord, and that, upon the sale of the house, possession of the strip was transferred to the purchaser with the seisin and possession of the house and thenceforth was adverse to the landlord.

Where a strip of land, enclosed with a dwelling house and lot, is occupied and used by successive grantors of the dwelling house and lot as if belonging to the premises, although not included in the description in any of the deeds, the maintenance of possession of the house and strip by the successive owners as if they

belonged together, creates a presumption of fact that the seisin and possession of the strip was in each case transferred at the same time as the seisin and possession of the house and lot.

WRIT OF ENTRY, dated July 20, 1897.

After the decision reported in 178 Mass. 356, there was a new trial in the Superior Court before *Pierce*, J. He found for the tenant; and the demandant alleged exceptions.

*H. Parker, C. C. Milton & H. H. Fuller*, for the demandant.

*J. W. Corcoran, W. B. Sullivan & A. G. Buttrick*, for the tenant.

KNOWLTON, C. J. This is a writ of entry to recover a strip of land about ten feet wide, extending back from the line of the street between the dwelling houses of the parties. The case has previously been before us on exceptions which appear in 178 Mass. 356, where may be found with the statement of facts, a plan of the locus. The present exceptions are to the refusal to make certain rulings requested by the demandant, which relate to the sufficiency of the evidence to support a finding of the acquisition by the tenant of a title by disseisin. The tenant has not personally maintained the possession relied on so long as twenty years, but the evidence tended to show that he and his predecessors in title together held possession considerably more than twenty years. At the former hearing we decided that there might be such a transfer of possession of this property by the successive grantors and occupants of the adjacent premises with which this strip was used, as would make a continuity of possession, by which, at the expiration of twenty years, a valid title by disseisin and limitation would be acquired. The several requests for rulings that there could be no finding for the tenant, rest mainly upon two propositions, namely : first, an assumption that the occupation and use were originally permissive and that there was no evidence that until very lately they became adverse ; and secondly, upon the contention that there was no such evidence of an immediate succession of proprietors and a transfer of possession as would create a continuity of adverse occupation within the meaning of the law.

The situation was unusual. There was no door in the front wall of the tenant's house, next the street ; the house was erected very near the line of the lot on the westerly side, and the only

access to it was over this strip that ran down from the street on the easterly side, by a side door which was entered by two steps, and that also ran by the rear corner of the house to the back yard, in which was a small building. The steps at the side door were upon the demanded premises, which are separated from the demandant's house lot by a fence running back from the street, erected prior to the year 1873. The evidence tended to show that in 1873 the tenant's property, with the strip in question up to the fence, was occupied by a tenant of one who then owned the estates of both the demandant and the tenant, and that on July 6, 1874, the present tenant's predecessor in title, took a deed of the estate now described in the tenant's deed, which did not include the strip in question, and that the tenant and his predecessors in title have occupied and claimed under that deed ever since, and that the strip has been occupied and used all this time to the line of the fence, as if it belonged to the estate conveyed by the deed. So long as both estates were owned by the same person, and the present tenant's estate with the adjoining strip was occupied by a tenant of the owner of the whole, it might fairly be inferred that the use of the strip was permissive and not adverse; but immediately upon the separation of the estates by a deed to the tenant's predecessor in title, and upon an attornment to the new owner, the relations of the parties were changed, and possession and use of this strip in connection with the present tenant's estate would no longer be imputed to the former tenancy from the demandant's predecessor, but presumably would be adverse to the former landlord, the holder of the title. We think there was ample evidence to warrant a finding that the possession, if permissive originally, was adverse after the termination of the tenancy by the conveyance to the present tenant's predecessor in title.

To warrant a finding that there was a continuity of possession, we do not deem it necessary to show by express testimony that the new occupant was personally present upon the premises before the former occupant departed, and that there was a formal manual transfer of possession of this strip as a part by itself. There is a fair inference that a tenant, on his departure at the expiration of his term, surrenders the possession to his landlord, and that their possession is continuous, or rather, that the pos-

session of the owner is continuous, although the two do not
meet personally upon the premises at the end of the term.    The
possession of the tenant is the possession of the landlord.    When
we find a strip of land so situated in reference to an adjacent
dwelling house and lot that the house cannot be entered or used
without passing over the strip, and that the strip is fenced off
from other lands as if belonging to the house, and is always used
with it when the house is used, and is not occupied or used other-
wise than with the house, and is always claimed by the occupant
and the owner of the house as property belonging with it, it may
fairly be inferred that the possession of the strip is given by the
landlord to the tenant, and afterwards surrendered by the ten-
ant to the landlord, and that upon a sale of the house and lot,
possession of this land which is treated as belonging to the house,
is transferred with the seisin and possession of the house.    See
*Leonard* v. *Leonard,* 7 Allen, 277 ; *Ammidown* v. *Ball,* 8 Allen,
293 ; *Pettingill* v. *Porter,* 8 Allen, 1 ; *Sargent* v. *Ballard,* 9 Pick.
251 ; *Melvin* v. *Whiting,* 13 Pick. 184 ; *Allen* v. *Scott,* 21 Pick.
25, 29 ; *Jordan* v. *Riley,* 178 Mass. 524 ; *Percival* v. *Chase,* 182
Mass. 371, 376 ; *Beckman* v. *Davidson,* 162 Mass. 347, 350.

The maintenance of possession of the house and the strip by
all the successive owners as if they belonged together, furnishes
a presumption of fact that the seisin and possession of one part
was transferred at the same time as the seisin and possession of
the other part.    After a recital of evidence excluded, it is said
in the former opinion in this case that " This evidence would
have warranted the jury in finding that each of the grantees
transferred to his successor his possession of the strip of land
in question, and that thereby the demandant was continuously
kept out of possession."    This evidence was introduced in con-
vincing form at the last trial.

The evidence indicates that the possession relied on was
adverse and under a claim of right.    *Wheeler* v. *Laird,* 147 Mass.
421.    *Bodfish* v. *Bodfish,* 105 Mass. 317.    *Samuels* v. *Borrowscale,*
104 Mass. 207.    *Holloran* v. *Holloran,* 149 Mass. 298.

We do not deem it necessary to consider the requests for
rulings more particularly.    There was no error in the refusal to
grant them.

*Exceptions overruled.*