CHARLES R. CRANE *vs.* JAMES I. BROOKS & others.

Suffolk.     December 6, 1904. — October 17, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP & LORING, JJ.

*Equity Pleading and Practice*, Master's report.  *Interest.*  *Evidence*, Admissions.

Where a master's report contains no report of the evidence, a finding of fact by the master must stand, unless upon the face of the report it is inconsistent with other findings and is plainly wrong.

Where in a suit in equity the defence to a claim upon an account is that it was settled long ago, if it appears that there was a settlement in which interest was not computed on either side, no claim for interest remains, as when the parties dealt with the principal debt any claim that might have been made for interest fell with the debt when it was satisfied.

Where in a suit in equity the defence to a claim upon an account is that it was settled long ago, and the claim is founded on assignments from the administrators of the estates of the members of a family to whom the claim belonged at the time of the alleged settlement, it may be shown in defence that the inventories of the estates of the several intestates contained no reference to the existence of such an account although the administrators must have known of its previous existence, this being in the nature of an admission by the claimant's alleged predecessors in title that such claim had ceased to exist as property.

KNOWLTON, C. J.  This is an appeal by the defendant Brooks from a final decree in favor of the plaintiff upon the defendant's cross bill, in which he claimed a sum due upon an account. The only questions raised are upon the defendant's exceptions to the master's report, numbered nine, eleven, thirteen, fourteen, fifteen and sixteen, all his other exceptions having been waived. These exceptions were founded on contentions of the defendant, as follows: First, that the finding that the matters involved in the account were settled long ago, and that there is nothing due the defendant upon them, is erroneous; secondly, that a special error, which entered into the finding, is the master's failure to allow interest on the items of the account; and thirdly, that there was error in considering the inventories of the estates of the persons from whose administrators Brooks derived his title to the account, in each of which inventories there is no reference to the existence of such an account.

The exceptions all relate to a finding of fact, and, inasmuch as there is no report of the evidence, this finding must stand,

unless, upon the face of the report, it is inconsistent with other findings and is plainly wrong. *Richards* v. *Todd*, 127 Mass. 167, 172. The account grew out of transactions between the firm of Shedd and Crane, of which the plaintiff was a member, and two other firms which were associated in their dealings, to whose rights the defendant Brooks has succeeded by assignment. The transactions on which the defendant rests his claim were closed at some time in the year 1892, and there was evidence tending to show that the balance due the intestates of the defendant's assignors in March, 1893, was $27,989.21. Payments in cash were made by the plaintiff, and collaterals pledged by him as security for this debt were sold or appropriated by these creditors, to an amount, as we infer from the findings, considerably in excess of this sum. A part of this was from coupons collected by the creditors, for several years, upon bonds of the plaintiff, whose face value was $25,000, which bonds were afterwards disposed of, at different times, and the proceeds applied to the payment of this account. It did not appear exactly what the amount received from the coupons was, nor what was the market value of the second lot of the bonds which were taken and appropriated by the intestates of the defendant's assignors to the payment of this account. These collections and appropriations were with the plaintiff's consent. The assignment of this account was procured by Brooks on February 6, 1902. In the report the master says, " It is evident to me that the parties considered the account as settled long before the assignment thereof to Brooks, and that it was in fact settled in the manner indicated above, and I so find." The " manner indicated above," was by the receipt of money, and of property taken as money, by the persons to whom the account was due. While the precise amount so received does not appear, the fair inference from the findings is that it was much more than the amount of the account, as it was made up in March, 1893. One Clark was a member of one of the firms to which the account was due, and his wife was the surviving member of the other firm. The master says : " Clark further testified that at the time of the assignment to Brooks, and for a long time prior thereto, the consignors considered this account as dropped or defunct, and their acts clearly indicated this to be so." There is nothing to

show that the master's finding, that this account was settled by the receipt of money in payment, was not well warranted. *Hunt* v. *Nevers,* 15 Pick. 500, 504.

The defendant contends that the finding was erroneous because the master did not compute interest upon the items of the account. It does not appear that the master did not take into account an allowance of interest after the account was made up and payment upon it was demanded. He found, from the conduct of the parties, and the payments made, and the transfer of property applied to the account, that the account was settled fully, by payments to the satisfaction of the claimants. How they dealt with the question of interest does not expressly appear in the report. In the account of March 1, 1893, " no interest appears to have been charged upon the moneys paid from time to time, nor credited upon the moneys received from sales; nor did it appear that at any time thereafter was any such interest charged or credited by either Shedd and Crane or the consignors, the consignors' books containing no items whatsoever relating to interest." We do not find in the report anything which shows that interest was at any time agreed upon, or that the payments were appropriated to interest instead of to principal, or that the payments were not treated as applicable to the principal, so far as to pay it in full. The allowance of interest upon an account of this kind, in the absence of an agreement in regard to it, is in the nature of damages for non-payment of the debt when it was due. The parties are not obliged to insist upon interest on an account after it is rendered, and in many such cases interest is not asked for. If the parties in this case dealt with the principal debt, and payments were made in full settlement of it, any possible claim that might have been made for interest fell with it when it was satisfied. *Davis* v. *Harrington,* 160 Mass. 278, and cases cited.

The thirteenth and only remaining exception is, " to the use of the state of the inventory of the estates of the Treadwell family as evidence against Brooks on the issue of payment." These were inventories made by the defendant's assignors. The defendant Brooks acquired no greater rights than they had, and it is not contended that their admissions, while owners of the account, would not be admissible against him. One of them,

Clark, was a member of one of these firms which formerly held the account, and he personally knew all about it.   A failure to treat the account as property in which his intestate had an interest was some evidence, in the nature of an admission of the administrator as the reputed owner, that it had ceased to exist as property.

The forms of the different inventories do not appear, but we infer from the report that there is nothing in them, either by reference to assets in the hands of the former firms, or otherwise, which has any relation to this account.   If the account were included in a reference to claims of a firm of which the intestate was a member, the failure to refer to it separately would be unimportant.   It does not appear that the defendant was injured by the introduction of the inventories.

*Decree affirmed.*

*W. M. Noble,* for the defendant James I. Brooks.

*W. B. Orcutt,* for the defendant William T. Way.

*A. P. Worthen,* for the plaintiff.