DAVID KOFFMAN *vs.* JOSEPH F. BESERRA.

Bristol.    October 24, 1927. — January 6, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice*, Appeal; Master: report, findings of fact. *Garage.*

While, ordinarily, findings by a master, to whom was referred a suit in equity and who has not reported the evidence before him, are final, if from the facts reported it appears that any of the findings is not supported in law, or is incorrect in the judgment of the trial court, the findings may be modified or set aside, and, if the trial court, or this court on appeal, is satisfied that on the report all the material facts appear, the court may render such decision as the law and the facts require.

In a suit in equity, a determinative question was, whether a structure twenty-eight by forty feet, built in two sections separated by an unpierced fire wall of cement blocks eight inches thick and extending through and above the roof about one foot, one section fronting on a street and the other upon a driveway, each section having a capacity for three automobiles, and each stall having two doors, was one garage or two garages within certain municipal and department regulations. A master reported that testimony of alleged experts was submitted on both sides, and that, if the question were one of law, he made no "findings" upon it; and if it were a question of fact, the structure was one building and one garage. The defendant excepted to such finding.

The evidence was not reported. A judge of the Superior Court, in a document entitled "Findings and Decision," ordered struck from the report the finding above stated, found that the building contained two garages, and ordered, "after the words above stated are stricken from the master's report, said report is hereby confirmed." No interlocutory decree was entered and no appeal was taken from the action in the "Findings and Decision." A final decree dismissing the bill was entered. The plaintiff appealed. *Held*, that

(1) Since no appeal was taken from the confirmation of the amended report, this court had no findings of fact to consider except such as were set out in the report as confirmed;

(2) No inconsistent or unwarranted facts appearing in the amended report, the facts found supported the final decree, and it was affirmed.

(3) It *was stated* that, if the question before the trial judge were before this court, the same conclusions of law and fact would have been reached.

BILL IN EQUITY, filed in the Superior Court on September 13, 1926, to enjoin the maintenance, on premises of the defendant adjoining the plaintiff's, of a garage alleged to be a nuisance because erected in violation of law.

In the Superior Court, the suit was referred to a master. Material findings by the master were as follows:

"The building is constructed of cement blocks with a non-combustible covering on the roof. The said roof is technically a flat roof, but actually there is a rise of less than one foot from the east and west extremes to the center . . . . The dimensions are twenty-eight by forty feet. The twenty-eight feet being the dimension on the street. There are two sections in the said building, separated by an unpierced fire wall, of cement blocks eight inches thick and extending through and above the roof about one foot. One section fronts on the street, the other fronts on the rear of the lot and access to the rear section is gained by a driveway on the west side of the said building. Each section has a capacity for three automobiles and each car space has two doors. The door on the front and rear sections next the residence of the said Hoffman have been covered with galvanized iron for the purposes of protection from fire.

"The attorneys for both parties have asked the master to decide whether this building is one or two garages within the meaning of the rules and regulations of the city of New Bedford and department of public safety. Mr. Francis, on be-

half of Mr. Beserra, contends that the building contains two garages and that the action of the board of aldermen in issuing the licenses was entirely legal. Mr. Lider, for Mr. Koffman, contends that the building is one garage and action of the board of aldermen in granting the licenses was therefore illegal.

"Both sides submitted alleged experts, each of whom testified in support of the contention of the side which submitted him.

"If this is a question of law the master makes no findings; if it is a question of fact, the master finds that it is one building and one garage, having a capacity for six motor vehicles, three in each section of the garage."

The defendant filed, among other objections to the master's report, the following: "For that the fire marshal's regulations concerning garages defines a 'garage' as 'any building or part thereof, wherein is kept or stored one or more motor vehicles . . . ,' and the master's finding that this is 'one building and one garage, having a capacity for six motor vehicles, three in each section of the garage,' is erroneous in that each section of the building is a 'garage,' there being two garages each for three motor vehicles in the one building belonging to the defendant."

The defendant alone filed a motion to recommit the report for further report of evidence. The suit was heard by *Dubuque,* J., upon the exceptions to the report, the motion to recommit, and a motion by the plaintiff that the report be confirmed. The judge filed a document entitled "Findings and Decision," which in part read as follows:

"Hearing on the master's report and exhibits made a part thereof, and on the defendant's motion to recommit. The latter motion is denied. The following words in the master's report, on the last page, above the master's signature, to wit: 'if it is a question of fact, the master finds that it is one building and one garage, having a capacity for six motor vehicles, three in each section of the garage' are ordered stricken out as not justified by the evidence and as inconsistent with it.

"The building described on the defendant's premises con-

tains two separate garages, separated by a solid wall. It is a building containing two separate garages; just as a building may contain two or more stores separated by a solid wall or several solid walls. There were no means of access from one garage to the other, and each garage was intended to be used by three motor vehicles each, with separate doors respectively. . . .

"The entry will be: defendant's motion for recommittal of the master's report is denied; after the words above stated are stricken from the master's report, said report is hereby confirmed; a decree will be entered dismissing the bill without costs."

No formal interlocutory decree was entered. A final decree was entered dismissing the bill without costs. The plaintiff appealed.

*H. A. Lider*, for the plaintiff.

No argument nor brief for the defendant.

WAIT, J. The decree which the plaintiff, by his appeal, asks this court to reverse, was entered by the Superior Court after a hearing upon a master's report. The defendant took exceptions to certain parts of the report and filed a motion to recommit. The master found, and reported as fact, that a certain structure on the defendant's land was a single garage for six motor vehicles. All the evidence on which he based his findings was not reported. Uncontradicted facts, however, were set forth which the judge, at the hearing, decided required a different finding. He sustained the defendant's exception and ordered that the finding, that there was but one garage, be struck from the report because it was not justified by the evidence and was inconsistent with it. He denied the motion to recommit and confirmed the report as amended. Thereupon, he found that there were two garages, each for three cars, upon the defendant's land; and since, confessedly, if that was so, the plaintiff could not maintain his bill, ordered a decree that the bill be dismissed without costs. The denial of the motion to recommit, the confirmation of the report as amended, and the order for a final decree were contained in a paper marked "Findings and Decision," filed by the judge on February 9, 1927.

No separate decree confirming the report appears. No appeal was claimed from this order. The final decree, indorsed by the judge for entry, was filed on February 16, 1927. The plaintiff filed his claim of appeal from the final decree on February 21, 1927.

No error of law appears.

Ordinarily where all the evidence is not reported, a master's findings of fact are final. *Jacobs* v. *Anderson*, 244 Mass. 125. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334. *Crane* v. *Brooks*, 189 Mass. 228. But if from the facts reported it appears that any of the findings is not supported in law, or is incorrect in the judgment of the trial court, the findings may be modified or set aside. *Danforth* v. *Chandler*, 237 Mass. 518, 522. If satisfied that on the report, as amended, it has all the material facts before it, the trial court may make such findings of fact as it deems proper and may render such decision as the law and the facts require. *Caines* v. *Ball*, 248 Mass. 368, 372, and cases cited. The same principles govern this court on an appeal. *Curran* v. *Magee*, 244 Mass. 1, 5. *Forman* v. *Gadouas*, 247 Mass. 207, 210, and cases there cited.

We have before us only an appeal from the final decree dismissing the bill. Since no appeal was taken from the confirmation of the amended report, we have no findings of fact to consider except such as are set out in the report as confirmed. That report is the only evidence now in the case. No inconsistent or unwarranted facts appear. The evidence supports the decree.

If, however, the question which was before the trial judge were before us, we should reach the same determinations of fact and law to which he came. There may be more than one garage under a single roof and within four outer walls. It is unnecessary to point out all which may discriminate between the existence of one or of more than one. We cannot say that the aldermen of New Bedford or the judge of the Superior Court were wrong in their decision. We agree with them that here there was more than one garage.

*Decree affirmed.*