NAPOLEON F. ROBERT *vs.* MARY PERRON.

Hampden.   September 19, 1929. — January 2, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Prescription. Easement. Equity Pleading and Practice,* Master: findings, exceptions to report.

A judge hearing a suit in equity upon the pleadings and a report by a master which contains findings in the nature of inferences from other facts found by him is not bound to draw the same inferences as those drawn by the master but may draw such inferences as he is satisfied the facts sustain.

A master, who heard a suit in equity in which a determinative issue was, whether an open and continuous encroachment by a grantee upon an easement reserved in a deed of land by a corporation also was adverse, found in substance that the grantee had built the structure, which was the encroachment, because some one from the corporation, of whose authority there was no evidence, had told him that he could do so; and he found that the defendant, successor in title to such grantee, had not sustained the burden of proving that such encroachment was adverse. A judge found that such use was adverse. *Held,* that the judge was warranted in drawing the inference, in effect that the encroachment by the grantee was permissive only in the sense that the corporation did not interfere when it began and that the grantee understood that it would not interfere at any time,

and that it was adverse because the grantee acted with the intent to assert a right in himself inconsistent with a right of the corporation to interfere with him, not pursuant to a permission which implied a continued recognition on his part of a right in the corporation.

BILL IN EQUITY, filed in the Superior Court on October 9, 1926, to enjoin the defendant from encroaching on an alley in violation of alleged rights of the plaintiff to the use thereof.

The suit was referred to a master. Material facts found by the master are stated in the opinion. Both parties filed objections to the report. The suit then was heard by *Greenhalge,* J., by whose order there were entered an interlocutory decree confirming the report and a final decree dismissing the bill. Neither decree made any mention of the objections of the parties to the report.

The plaintiff appealed from both decrees.

The case was submitted on briefs.

*N. P. Avery, A. S. Gaylord & R. L. Davenport,* for the plaintiff.

*J. F. Kelly,* for the defendant.

WAIT, J. The bill in this cause was brought at the same time as that in *Robert* v. *O'Connell, ante,* decided this day. The cases were heard together by the master and by the Superior Court. The facts found by the master with reference to the origin and use of the common passageway in general use between Lyman Street and Ely Street in Holyoke and to prescriptive rights therein are the same, and need not be again set out. The land of the defendant adjoins that of Mrs. O'Connell to the south; but the passageway in actual use lies relatively further to the west thereon, and the encroachment upon the plaintiff resulting from occupation by the defendant up to the easterly line of that passageway is greater.

The Holyoke Water Power Company, which once owned all the land in the block bounded by Lyman Street, Summer Street, Ely Street and North Bridge Street except a tract fronting upon Ely Street, conveyed a parcel facing Summer Street to one Long in May of 1886, and another parcel to the plaintiff in 1924. It bounded both parcels (the former on

the west and the latter on the east) by "the center line of an alley or common passageway, which passageway is sixteen (16) feet in width leading out of and from said Lyman Street." The deed to Long contained a clause: "Eight (8) feet in width of said alley lies upon and is a part of the whole westerly end of the lot herein conveyed and is to be forever kept open as a passage way in common free from all obstructions and nuisance made or permitted by the Grantee his heirs or assigns, and the Grantor reserves to itself and its successors and assigns and to the City of Holyoke the right at all times to enter upon said alley to lay water and gas pipes, construct sewers and repair the same and to do whatsoever is necessary to be done for the public interest and convenience." The deed to the plaintiff contained the same clause, with the exceptions that the words "and to the City of Holyoke" were omitted and in their place was printed "the right of passage therein on foot and with vehicles, and also"; and that the words "down and use" were inserted between "lay" and "water"; and the words "and use" were inserted between "construct" and "sewers." The defendant is a daughter of Long who has lived upon the locus from the time he took possession. She inherited one undivided third at his death in 1887. She acquired a second from a purchaser from the assignees in the insolvency of a brother in 1895, and the third from the remaining heir at law of her father in 1923. None of the conveyances to her contain any reference to the alleyway, either as a monument or boundary. All omit the clause of restriction and reservation, and make no reference to it. Within two months after getting his deed and taking possession, Long, in July, 1886, built a fence along the easterly line of the passageway in actual use, and thus enclosed a triangular area west of the center line of the passageway as set out in his deed. In one way or another the premises so enclosed have since been held openly, continuously, without interruption from the Holyoke Water Power Company and, as the judge found, adversely, by Long and his successors.

The special master reported a finding "upon all the evidence, that the defendant has not sustained the burden of

proving that the enclosure and occupancy of the extra land was under claim of right and adverse or with an intention to appropriate and hold the same as owner, to the exclusion rightfully or wrongfully, of everyone else." But he reported also that he should have found to the contrary had not the defendant testified that her father, while negotiating for his purchase and just before he built a fence in the position now complained of, told her that some one from the Holyoke Water Power Company had "told him he could take the waste land and use it . . . he could close that piece in . . . it was no good . . . it did not belong to . . . [the] Holyoke Water Power Company . . . he could fence the land in and use it up." The master reported, further, that there was no evidence of the scope of the authority of the one so speaking to warrant an inference of a parol gift by the company, or of authority to license the erection of the fence and permit the use of the extra lands, or of authority to vary, release or waive any covenant, restriction or reservation in the deed; that Long acted in the belief, based in part on what had been told him by this person, that he had a right to fence in, grade and occupy the extra land, and that his daughter, partly because of what her father had told her, believing in her right so to do, had maintained the fence and occupied the land. The defendant excepted to this finding. Other exceptions were claimed by both plaintiff and defendant.

After hearing thereon, the judge on May 23, 1929, filed a "memorandum, ruling and order for decree" as follows: "Upon the facts found in the master's report I rule that the respondent's possession was adverse, that she has acquired a prescriptive right to maintain the obstruction complained of and that there is no estoppel. A decree may be entered dismissing the bill with costs." On the same day, the clerk, by order of the judge, entered a decree confirming the report of the master, and a final decree dismissing the bill. The plaintiff appealed from both decrees. There was no error. The judge was not bound to draw the same inference as the master from the facts reported. *Hawkes* v. *Lackey*, 207 Mass. 424, 431. It was open to him to decide that what the

report set out required a different finding of fact, and not simply to rule upon its legal effect. *Smith* v. *Kenney,* 213 Mass. 6. *Fairbanks* v. *McDonald,* 219 Mass. 291, 297, and cases there cited. *Danforth* v. *Chandler,* 237 Mass. 518. *Koffman* v. *Beserra,* 262 Mass. 165, 169. *Caines* v. *Sawyer,* 248 Mass. 368. Where the finding is based on inference from facts reported, the judge may always draw the inference which he is satisfied that the facts sustain. *Forman* v. *Gadouas,* 247 Mass. 207, 210. *Metropoulos* v. *MacPherson,* 241 Mass. 491, 502.

Here the judge was justified in finding and holding that Long was acting with the intent to assert a right in himself inconsistent with a right of the power company to interfere with him, not pursuant to a permission which implied a continued recognition on his part of a right in the company, and permissive only in the sense that the company did not interfere when he began and that he understood that it would not interfere at any time. A holding by one in such a state of mind is adverse. *Motte* v. *Alger,* 15 Gray, 322. See *Brown* v. *King,* 5 Met. 173. As it was also open, continuous, uninterrupted for more than twenty years, the defendant has acquired prescriptive rights. *Wheeler* v. *Laird,* 147 Mass. 421. The cases cited by the plaintiff which hold that a use beginning by permission must be assumed to continue to be permissive until evidence is introduced which changes its character, and until changed, cannot be adverse, have no application here. The use here did not begin by permission nor was it permissive within the meaning of those decisions. *Warren* v. *Bowdran,* 156 Mass. 280.

The entry of an interlocutory decree confirming the report but omitting any reference to the exception, does not preclude the court from acting upon the real situation. In substance every fact upon which the final decree rests was set out in the report. The ruling that the possession was adverse was reached by drawing from what was stated in the report a different inference of fact.

It follows that entry must be made.

                           *Decrees affirmed with costs.*