*Municipal Court of the City of Boston*

## No. 303687

## PIONEER INSULATING AND MODERNIZING CORPORATION

### v.

## NEW ENGLAND TELEPHONE & TELEGRAPH CO.

Argued: January 31, 1975. Decided: July 25, 1975.

Case tried to *Glynn, J.*

Present: Canavan, J. (Presiding), Foster, Doerfer, J.J.

**Doerfer, J.** This is an action of contract in which the plaintiff claims to be entitled to interest on certain overpayments made by it to the defendant for Yellow Page advertising during the period May 1967 through April 1970. The amount of overpayment upon which the plaintiff claims interest is $6,021.29. The defendant answered by way of a general denial and payment.

The case was heard on an Agreed Statement of Facts.

During the period 1967 through 1970 money was overpaid by the plaintiff to the defendant for Yellow Page advertising charges as follows:

$1,799.88 for May 6, 1967 through May 3, 1968;

$2,139.44 for May 4, 1968 through May 19, 1969;

$2,081.97 for May 19, through April 2, 1970.

In April 1970 the error was discovered and the amount overpaid was paid back to the plaintiff with a breakdown of such overcharges. At the time of this breakdown of charges the plaintiff demanded interest from the defendant for the period of time during which the defendant had the excess funds. This demand was put in written form about a year later in a letter on June 17, 1971. The court found for the plaintiff in the amount of $547.18.

The court correctly found for the plaintiff. It is well settled that "money obtained under a mutual mistake of fact, without any intention on part of the defendant to cheat or defraud, may be recovered back as having been received to the plaintiff's use . . . and the plaintiff's damages must be measured by the loss

actually sustained which includes interest . . . ."
*Montgomery Door & Sash Co. v. Atlantic Lumber Co.,*
206 Mass. 144, 155, 156.

Interest due in these circumstances is determined
from the date of overpayment to the defendant, not
the date of demand. *National Shawmut Bank v.
Fidelity Life Insurance Co.,* 318 Mass. 142, 152.

This is not a case such as *Crane v. Brooks,* 189 Mass.
228, where the parties agreed that payment of the
principal sum was full settlement of all claims between
the parties. The facts reported specifically state that,
at the time the principal sum was received, plaintiff
made a demand for interest. This is inconsistent with
any inference that the plaintiff intended to accept the
principal sum in full settlement.

The defendant has cited many cases for the often
quoted principle that interest does not begin to run
until a demand has been made. See e.g. *Ordway v.
Cocord,* 14 Allen 59. Those cases deal with a situation
where the defendant becomes in default on an obliga-
tion to the plaintiff. Interest on a debt such as that
is to be distinguished from interest due as damages
for money mistakenly paid by the plaintiff to the
defendant.

We need not pass on the correctness of the
trial justice's rulings of law on the defendant's re-
quests nor upon the consistency of his rulings of law
with his finding, in view of the fact that the matter
was heard on an Agreed Statement of Facts. *Nutter v.
Mroczka,* 303 Mass. 343, 347-348. *Azevedo v. Mutual
Life Insurance Co. of New York,* 308 Mass. 216, 217.
**Report dismissed.**