## JOSEPH MORRILL *vs.* CHARLES W. SPURR.

Suffolk. Nov. 16, 1886. — Jan. 6, 1887. HOLMES & GARDNER, JJ., absent.

A. and B. began negotiations in reference to the formation of a partnership between them for carrying on a certain business, which was then being prosecuted by B. No agreement to form a present partnership was arrived at, but A. agreed to lend money to B. from time to time to use in the business, taking promissory notes therefor; and the parties further agreed, that if, after further examination, A. should conclude to become a partner in the business, he should have the right to do so, and should be admitted as an equal partner with B., with a right to share the profits from a day named, and that the sums for which the notes were given should in such case be considered as contributions to the capital of the firm. A. accordingly lent certain sums of money to B., who gave him promissory notes for the same, and used the money in the business. About two years afterwards, A., on inspection of B.'s books, found that B. had credited A. with interest upon the money so lent, and had not credited him with any profits. A. then told B. that he was a partner with him in the business, and should be credited with one half of the profits from the day named in their agreement, and should not be credited with interest upon the notes; but B. made no change in his books, and did nothing to admit A. as a partner. The following year A. discovered that he had again been credited with interest, instead of a

share of the profits, and repeated to B. his statement of the preceding year; thereupon a controversy arose between the parties, during which no change was made in the books or in the conduct of the business by B. B. did not in fact intend to carry out his original understanding with A., and never admitted the right of A. to become an equal partner with him. A. thereupon brought an action against B. upon the notes. *Held*, that the judge, who tried the case without a jury, was justified in finding that no partnership was ever formed between the parties; and that the action could be maintained.

CONTRACT upon five promissory notes, payable to the order of the plaintiff, and signed by the defendant. Trial in the Superior Court, without a jury, before *Barker*, J., who reported the case for the determination of this court, in substance as follows:

In the fall of 1878, there were negotiations between the plaintiff and the defendant, in reference to the formation of a partnership between them for the carrying on of a manufacturing business, which was then being prosecuted by the defendant with insufficient capital. These negotiations were commenced by the defendant, who offered to contribute the machinery, stock in trade, and good-will of the business, including the use of certain patents, and to carry on and extend the business, and solicited the plaintiff to contribute such money as might be needed, not exceeding $24,000, and to become an equal partner with him in the profits.

No agreement to form a present partnership was arrived at, but the plaintiff agreed to advance to the defendant sums of money from time to time to use in the business, taking for them in each instance notes in the form sued on, and with the further agreement between the plaintiff and the defendant, that if, after further examination, the plaintiff should conclude to become a partner in the business, he should have the right to do so, and should be admitted as an equal partner with the defendant, with a right to share the profits from January 1, 1879; and that the sums for which the notes were given should in such case be considered as contributions to the capital of the firm.

The sums so advanced were, on October 17, 1878, $1500; November 21, 1878, $2000; December 11, 1878, $1000; November 5, 1878, $500; January 10, 1879, $1000; March 3, 1879, $1000; May 19, 1879, $1000; July 21, 1879, $2000; and November 25, 1879, $1000. For each of these sums a note in the form stated

was given, and the first five of said notes are included in this action.

The defendant, with the sums so advanced, extended his business, and established a branch store for the sale of his products in New York. The plaintiff was ready, and often offered, to make further advances, but the defendant did not call for them. The plaintiff and the defendant often met at the defendant's factory and office, but nothing had been done by the plaintiff to make it clear that he intended to become a partner in the business up to January 1, 1880. In the mean time, the defendant had continued to manage his business, keep his books, and dispose of the funds of the business as though solely interested therein, except that he allowed the plaintiff to have free access to the books, and full knowledge of the business.

After January 1, 1881, and about that date, the plaintiff found, by inspection of the defendant's books of account, that the defendant had caused the plaintiff to be credited with interest upon said sums of money for which the notes had been given, and had not credited the plaintiff with any profits. The plaintiff thereupon said to the defendant that he was a partner with him in the business, and should be credited with one half of the profits from January 1, 1879, and should not be credited with interest upon his notes.

The defendant replied that it was a great relief to him to know that the plaintiff had decided to become a partner; but he did not cause any change to be made in the account with the plaintiff upon the books, or do anything else to admit the plaintiff as a partner, and continued during the year 1881 to carry on business as before, causing the books to be kept and himself using the funds as if he was solely interested therein.

During the year 1881, no further advances were called for or made by the plaintiff; and on January 1, 1882, the defendant having given no directions to the contrary, the plaintiff was again credited on the books with interest on his notes, and was not credited with any share of profits. The plaintiff discovered this in January, 1882, and also that the profits by the books were so large that one half of them was much more than the credited interest, and that the defendant had drawn out for his personal use much more than one half of the profits.

Thereupon the plaintiff told the defendant that he was a partner, and ought to be credited with one half the profits, and not with interest, and called his attention to the conversation of the year before, and said that he supposed that had settled the matter. The defendant then took the position, that, if the plaintiff was a partner, he was not entitled to one half of the profits, but to a much smaller proportion, and this brought on a controversy between them which covered the time until the bringing of this action. Pending this controversy, no change was made in the books, and no change by the defendant in his conduct of the business, or in the appropriation of its proceeds to his own use. The defendant did not, in fact, admit the plaintiff as a partner with him in the business when the plaintiff, in January, 1881, claimed to be such partner, and for a long time previously had not intended to carry out the understanding that, if the plaintiff should determine to become an equal partner, he should be admitted as such, and did not then or at any subsequent time intend to carry out said understanding, and has never admitted the right of the plaintiff to be admitted as an equal partner with him.

The defendant contended that, upon the original understanding between the parties, the plaintiff had an election to become a partner at any time, upon signifying his desire to become such partner, and that, upon signifying to the defendant his decision to become such partner, the partnership was thereupon established and formed; and asked the judge to rule that, upon the facts found, a partnership was formed between the plaintiff and the defendant, when the plaintiff, in pursuance of his right under the original understanding between them, exercised his election to treat the money paid by him to the defendant as a contribution to the capital of a partnership formed between them as of January 1, 1879, and that, such partnership being formed, the plaintiff could not maintain this action.

The judge refused so to rule; and ruled that, if, when the plaintiff signified his intention to the defendant to become an equal partner with him as of January 1, 1879, the defendant did not in fact admit him to such a partnership, in accordance with their original understanding, and had never admitted him to such partnership, the plaintiff and the defendant did not, as

between themselves, become partners upon the signifying by the plaintiff to the defendant of his intention to become a partner, and claiming to be such partner; and that the plaintiff could maintain this action; and found for the plaintiff.

If the rulings were correct, judgment was to be entered for the plaintiff upon the finding; otherwise, the finding to be set aside, and a new trial granted.

*J. D. Ball & M. Storey,* (*B. L. M. Tower* with them,) for the defendant.

*N. Morse & G. Morrill,* for the plaintiff.

MORTON, C. J. There being no written articles of copartnership between the plaintiff and the defendant, the question whether the parties, by an oral agreement, formed a copartnership, was purely a question of fact. Upon this question we cannot revise the finding of the justice of the Superior Court, who tried the case without a jury, except so far as to inquire whether there is any evidence which justifies his finding.

The facts and evidence reported to us tend very strongly to show that no partnership was ever formed. The plaintiff advanced money to the defendant, taking his notes therefor, upon the agreement, " that if, after further examination, the plaintiff should conclude to become a partner in the business, he should have the right to do so and should be admitted as an equal partner with the defendant;" and that, in such case, the sums for which the notes were given should be considered as contributions to the capital of the firm. No partnership was formed by this agreement; it was, in its nature, an executory agreement that a partnership should be formed, and that the plaintiff should be admitted as a partner in the future when he signified that he desired to become a partner. It appeared in evidence, that, when the plaintiff signified to the defendant his choice to become a partner, the defendant refused to admit him or to recognize him as a partner, and has always since so refused. The court was clearly justified in finding that no partnership was ever formed, and therefore that the plaintiff was entitled to recover on his notes.                *Judgment on the finding.*