JOHN A. PRAY & others *vs.* ROBERT B. BRIGHAM.

Suffolk.    March 23, 1899. — July 3, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Adverse Use — Right of Way — Finding of Master to be Final and
Conclusive — Practice.*

Where, on a bill in equity to restrain the defendant from building over a passage-
way in which the plaintiff claims a right of way, the question whether the use
was adverse is one of fact for the master, and his decision is by agreement of par-
ties to be final and conclusive, it is not open to the plaintiff to contend that the
finding of the master that the use was not adverse, and under a claim of right
was erroneous and not warranted by the evidence or by the facts in his report
upon which he based this finding.

BILL IN EQUITY, filed in the Superior Court, June 4, 1898,
to restrain the defendant from building over a passageway in
which the plaintiffs claimed a right of way. The bill was dis-
missed with costs, and the plaintiffs appealed. The facts
appear in the opinion.

*T. H. Armstrong*, for the plaintiffs.

*H. J. Boardman & P. G. Bolster*, for the defendant.

HAMMOND, J.   This case was referred to a master to hear the
parties and inquire and state to the court all material facts
bearing upon the issues of fact raised by the pleadings ; and
by the agreement of the parties it was ordered that " all find-
ings and conclusions of fact made by the master " and " reported
to this court, shall be final and conclusive " upon the parties.

After hearing the parties the master made his report, by which
it appears that the title to the fee of the land in dispute is in
the defendant, and that whatever title the plaintiffs have, rests
upon prescription.   The master then states the case thus :

" The only issues, then, which are in controversy here, are :
1st. Have the plaintiffs, and their ancestors in title, ever ac-
quired a right of way by prescription over the defendant's said
land ? and, 2d. If they did acquire such right, has it been lost
by abandonment, or non-user ?   I am only to find and report
such facts as bear upon those two issues."

After making a somewhat lengthy statement of facts relating to these questions, he closes thus: " I am not aware that there are any other findings that I am required to report. As to whether or not there was such a user of the parcel of land in controversy, by the plaintiffs, or those under whom they claim, for any period of time, as to render the user ' adverse,' and ' under a claim of right,' within the meaning of the law relating to prescriptive rights, I do not express any opinion, but leave that question, as well as the question of ' loss of right by abandonment,' to the court to determine, under the facts herein reported."

The defendant objected to this report for the reasons, among others, that the master had not found whether the use was adverse, and whether there had been a loss of it by abandonment, but had left those questions to the court. Subsequently, on motion of the defendant, the report was recommitted, with instructions to find and report, first, " whether the use and enjoyment which the plaintiffs and their predecessors in title had of the premises of the defendant over which the plaintiffs claim to have an easement was, in fact, adverse, or had under a claim of right to make such use and have such enjoyment "; and, second, " whether the plaintiffs, in constructing their present building with the means of ingress and egress which are described in the report, intended to abandon any easement over the premises described in paragraph 2 of their bill, if any such easement had been acquired by them, prior to the construction of said building."

From this order of recommittal it is plain that the court regarded the question whether the use was adverse as a question of fact which it was the duty of the master to decide under the original order of reference.

The master in a supplemental report answered the first question in the negative and the second in the affirmative. It was thus found by the master as a question of fact that the user was not adverse.

Then upon a motion made by the plaintiffs the court ordered both reports to be recommitted, with instructions to find and report whether his answers in his supplemental report were conclusions " founded upon the facts relating thereto, found

and reported by him in his original report, or upon said reported facts and additional facts found by him and not stated by him in his report; and that if said answer was founded upon any additional facts not heretofore reported by the master, that he report all such additional facts to the court."

Thereupon the master reported as follows : " I have carefully examined my original report, and the exhibits thereto annexed, and have brought to mind all the evidence bearing upon the questions involved in said ' additional report,' and feel sure that the conclusions which I reached in said ' additional report ' were founded upon the facts reported in said original report and the exhibits thereto annexed ; and here I ought perhaps to state, that the annexed extract from the uncontradicted evidence of George B. Elliot, relating to conversations with one Joy, who was then one of the owners of the dominant estate, and said Elliot, the holder, as trustee of the servient estate, and not referred to in my original report, may have strengthened me somewhat in the conclusion which I arrived at as to adverse user ; but independent of said conversations, I should have reached the same conclusions stated in said ' additional report.' I think of no other fact, outside of my original report, that influenced me in reaching said conclusions in said ' additional report.' "

The bill was dismissed and the plaintiffs appealed. Upon the appeal they contend that the finding of the master that the use was not adverse and under a claim of right was erroneous and not warranted by the evidence or by the facts in his report upon which he based this finding. But we are of opinion that that question is not now open to them.

By the agreement of the parties " all findings and conclusions of fact made by the master . . . shall be final and conclusive upon all parties." The plaintiffs relied upon a right by prescription. To prove their case it was necessary to show that their use was adverse. That was a question of fact, and the finding in the negative was a conclusion of fact.

Although the action of the court in the second recommittal may possibly indicate that the court was inclined to have a statement from the master as to the facts from which he came to this conclusion of fact, with a view perhaps to set aside the original order of recommittal should justice require it, still the

original order that the master's findings and conclusions of fact should be final never was changed but stands yet in full force. Indeed, we do not understand the plaintiffs to contend otherwise, but they say that the question they seek to raise is one of law and not of fact. We think otherwise. The finding of the master that the use was not adverse, being a finding of fact, is final and conclusive.

The plaintiffs therefore show no title by prescription, and the bill must be dismissed. *Decree affirmed.*