JACOB KRONICK & others *vs.* ALPHONSE CORREALE & others.

Berkshire.    September 21, 1926. — September 22, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice*, Finding of fact by judge, Decree pro confesso.

Where the maintenance of a bill in equity against an alleged partnership depends upon proof by the plaintiff that such partnership exists, and the trial judge finds that the burden of proving that fact has not been sustained, an exception by the plaintiff will not be sustained.

The circumstance, in the suit above described, that the bill was taken for confessed against one of the alleged·partners, did not bind the other defendant nor preclude his defence on the ground that there was no partnership.

BILL IN EQUITY, begun in the Superior Court by writ of summons and attachment dated March 25, 1925.

The suit was heard by *Donahue,* J.   A bill of exceptions presented by the plaintiff and allowed by the judge states that the judge "entered a final decree dismissing the . . . bill . . . ordering that — 'This decree to be entered, execution and operation thereof to be stayed until the exceptions have been disposed of.'"

The case was submitted on briefs.

*W. C. Kellogg, F. H. Cande, & F. M. Myers,* for the plaintiffs.

*J. B. Cummings & J. M. Rosenthal,* for the defendants.

BY THE COURT.   This suit cannot be maintained unless the plaintiffs prove that the male defendants were copartners.   The judge made an express finding of fact that the burden of proof had not been sustained.   There was no error of law in making this finding.   It was peculiarly the province of the trial judge to settle that question.   His action in this particular will not be disturbed.   In view of this finding of fact, all the requests of the plaintiff were denied rightly.   The circumstance that the bill was taken for confessed against one defendant did not bind the other defendants.   *Goff* v. *Hathaway,* 180 Mass. 497.

*Decree dismissing bill
affirmed with costs.*