Antonio J. Sousa & another *vs.* Philip P. Manta & others.

Middlesex.    December 11, 12, 1928. — May 29, 1929.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Partnership,* What constitutes. *Equity Pleading and Practice,* Exceptions.

Where, from the report of a master who heard a suit in equity for dissolution of an alleged partnership and an accounting, it appeared that there was no agreement among those whom the plaintiff alleged to have been partners as to who was to associate in the business, no agreement as to capital, and nothing to show that any of the alleged associates had any idea that the other associates, or himself, could adventure on behalf of the firm, or that he became liable for its debts to the full extent of his property, the intent, essential to the establishment of the partnership relation, to agree with known associates to conduct a business with an agreed capital contributed in fixed proportions for a definite share in the profits and with an unlimited liability for possible losses, was not made out and a final decree dismissing the bill was proper.

A belief by one of several defendants, formulated in his income tax return, that a partnership existed between the plaintiff and the defendants was but an expression of his opinion and was not an admission binding him to an existing partnership with the plaintiff; and it could not bind the other defendants who knew nothing of it.

An exception to the exclusion of evidence by a master can not be sustained where the record does not show what the excepting party expected to show by such evidence.

BILL IN EQUITY, filed in the Superior Court on February 6, 1928, by Antonio J. Sousa and Antonio Goulart against Philip P. Manta, Joseph Manta, Jr., Joseph A. Manta, Manuel C. Santos and Manuel Domingos, alleging that the plaintiffs and defendants were partners in a ship chandler's business at 27A Atlantic Avenue and 221 Commercial Street in Boston and seeking a dissolution and an accounting.

In the Superior Court, the suit was referred to a master. Material facts and findings reported by the master were in substance as follows:

Each plaintiff paid money to the defendant Manta. Sousa "received a paper or receipt which was put in evidence in form, as follows, upon which he bases his claim as a partner: $200. 00/100 Boston, May 21, 1912 Received of Captain Antonio J. Sousa Two hundred 00/100 Two shares in Store of Manta, Sousa and Company 27A Atlantic Avenue and 221 Commercial Street. No. 2 Manta, Sousa and Company M."

Goulart received a similar receipt. "It did not appear that the words 'two shares in store' recited in the receipts put in evidence had special meaning, there was nothing in writing in explanation thereof, nothing appeared except Manta testified that there was an oral promise to pay ten per cent per year, it was not written into the receipt for the reason that the parties knew about it. It appeared ten per cent was in fact paid for three years. No other conversation as to any partnership agreement was related in evidence.

"For more than fifteen years there was no action taken by the plaintiffs to indicate that they had any voice in the control of the affairs of the business done by Manta and John N. Sousa. There was no statement of account sent

out or asked for by them nor any request to examine the books except that stated in the testimony of the plaintiff Antonio J. Sousa — nor as to what rent was being paid, what money was being borrowed or how much Manta and John N. Sousa were drawing out for themselves. Nor did the plaintiff Sousa express any interest in or desire to participate in the proceeds of the proposed selling out of the store by Manta. More than that the shareholders themselves were not unanimous in claiming rights as alleged partners, four of them were joined as defendants, the suit was brought by two only.

"It appeared from the evidence that at no time was there any proprietary interest manifested by the plaintiffs, in the profits earned, indicating that they had any right of possession or control for the purpose of retaining their share. . . .

"I find and rule upon all the evidence that no partnership relation existed between the two plaintiffs and Manta, Sousa and Company or Philip P. Manta and Company.

"I find and rule upon all the evidence that the transactions related in the bill as taking place in 1912 were loans upon which ten per cent interest per year was to be paid and that such interest was paid in 1913, 1914, and 1915 although no indorsements appear on the receipts to that effect.

"I further find and rule that the plaintiffs have failed to maintain the allegations of their bill."

The suit was heard upon exceptions to the master's report by *Greenhalge,* J., by whose order an interlocutory decree overruling the exceptions and confirming the report was entered. No appeal from such decree was filed.

By order of *Bishop,* J., a final decree was entered dismissing the bill. The plaintiffs appealed.

*J. Linhares,* for the plaintiffs.

*H. C. Dunbar,* for the defendants.

WAIT, J. The plaintiffs brought their bill in equity to obtain dissolution of an alleged partnership and an accounting of its affairs. The master to whom the cause was referred found that no partnership between the plaintiffs and the defendants had ever existed. The full evidence is not re-

ported.   The plaintiffs' motion to recommit the report was denied.   Their exceptions to the report were heard and over-ruled, and it was confirmed.   No appeal from the order or the decree was claimed.   After hearing on the merits, the court entered a final decree dismissing the bill with costs.   The case is here on appeal from the final decree.

The only question, therefore, for our determination is whether on the record and the master's report the decree is proper.   *Fay* v. *Corbett*, 233 Mass. 403, 410.   *Kronberg* v. *Bulle*, 247 Mass. 325, 328.   *Morrill* v. *Spurr*, 143 Mass. 257. The finding that no partnership existed must stand unless it is inconsistent with other facts reported.   *Glover* v. *Waltham Laundry Co.* 235 Mass. 330.   *Kronick* v. *Correale*, 257 Mass. 104.   *Weiss* v. *Newman*, 255 Mass. 235.   We find no such inconsistency.   The plaintiffs' claim that the master's view of the law with regard to the status as partners of fishers or farmers on shares vitiated his consideration of the true bearing to be given the testimony of the plaintiffs, is not convincing.   The facts reported justified him in thinking that the various captains solicited by John N. Sousa to take "shares" in the ship chandlers' store which he and Philip P. Manta were carrying on, or proposing to carry on, as Manta, Sousa and Company had no intention of forming a true partnership to conduct that business.   They did not know who were to associate in the business.   Apparently any one who took a share could come in.   The capital was not agreed upon.   Any one could take as many shares as he pleased. There is nothing to show that any captain had any idea that the other associates, or himself, could adventure on behalf of the firm; or that he became liable for its debts to the full extent of his property.   The essential intent to agree with known associates to conduct a business with an agreed capital contributed in fixed proportions for a definite share in the profits and with an unlimited liability for possible losses is not made out.

In the absence of these essential agreements, Manta's belief that a partnership existed would not make the combination a partnership.   The form of his income tax return, taken most strongly against him, does not go beyond a state-

ment of his opinion.   The master was justified on the evidence in deciding that it was not an admission binding Manta to an existing partnership with the plaintiffs.   It could not bind the other defendants who knew nothing of it.

What the plaintiffs expected to show by the evidence offered before the master with regard to the customs and beliefs of Portuguese fishing captains was not stated.  We could not decide that there was error in the master's refusal to hear it, even if the question were open before us upon this appeal.

The case is well within the decisions in *Morrill* v. *Spurr, Weiss* v. *Newman,* and *Kronick* v. *Correale,* cited above.

*Decree affirmed with costs.*