JOHN DOBIAS & others *vs.* JOSEPH FALDYN.

Franklin.    September 16, 1931. — December 31, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Equity Pleading and Practice,* Master: report, recommittal, exceptions;
Decree; Costs. *Mortgage,* Of real estate: redemption.

A final decree in a suit in equity which expressly overruled exceptions
to a report of a master, to whom the suit was referred by an order
requiring him to "report his findings . . . together with such facts
and questions of law as either party may request," and confirmed
the report and granted the plaintiff relief, inferentially denied a
motion by the defendant that the master's report be recommitted
for a report of such evidence as led the master to make a certain
finding or for a report "that all the evidence on which said finding
was made is contained in the report"; and, the denial of such motion
being within the discretion of the court, no error appeared.

Where, in a suit in equity for redemption of land from a mortgage, the
plaintiffs, father and son, contended that they should be allowed to
apply toward reduction or extinguishment of the mortgage debt the
value of certain services performed for and money advanced to the
mortgagee, and a master in a report which did not state evidence
found that the plaintiffs were entitled to a certain credit and stated
that such finding was made after a "careful consideration of all the
evidence," the question for this court upon an appeal from a final
decree for the plaintiffs was, whether on the face of the report such
finding was inconsistent with other findings and plainly wrong.

In such report the master also stated that the plaintiffs produced at the
hearing no reliable books of account but relied upon their memories
for the items of their claim against the mortgagee; that they made
no demand for payment before bringing the suit for redemption; that
there never was an accounting between them and the mortgagee;
that, when a demand was made upon the plaintiff son to pay the
mortgage, he made no claim in reply thereto for any amount due
to him or to his father and himself; and that the father gave the
mortgagee the original mortgage note in the sum of $1,500, later paid
$600 thereof and later still conveyed the premises to the son, reciting
in the deed that they were conveyed subject to a mortgage in the

sum of $900. The master, in finding for the plaintiffs, stated, "There is also evidence which raises a strong presumption against them." *Held,* that, while the statement of the master last quoted indicated that he regarded the matter as doubtful, the report did not show that in weighing the .conflicting evidence and reaching a contrary conclusion he was plainly wrong.

The finding of the master in the suit above described was not only that the mortgagee was indebted to the plaintiffs but also, expressly, that "the plaintiffs are entitled to a credit" for the amount of such indebtedness, so that a balance struck "is the amount due on the . . . mortgage." *Held,* that

(1) The quoted statement was a finding of fact, though deducible from other facts and involving rulings of law;

(2) The master's report not disclosing that the defendant requested the master to report any question of law, or that the master acted upon an erroneous view of the law, it must be assumed that he found the subsidiary facts, not inconsistent with his reported findings, which on a correct view of the law would support his ultimate finding;

(3) In the circumstances, the mere facts, that the master did not find expressly that the mortgagee agreed with the plaintiffs that his indebtedness to them should be credited on the mortgage note and that he refused to make certain specific findings, requested by the plaintiffs, as to the agreement between them and the mortgagee, did not destroy the effect of his general finding that such indebtedness should be applied to reduce the mortgage debt, there being in the report no finding inconsistent with the existence of such an express agreement;

(4) It being thus established that the mortgagee agreed with the plaintiffs that his indebtedness to them should be credited on the mortgage note, they were entitled to have the amount of such indebtedness credited in this suit in order to determine the balance due under the mortgage which must be paid in order to redeem from the mortgage.

Where a suit in equity to redeem land from a mortgage was brought without a previous tender by the plaintiff and no finding was made that tender was prevented by the default of the defendant, the defendant was entitled to costs under G. L. c. 244, § 24, although, after the suit was commenced and before entry of a final decree granting the plaintiff relief, the amount found due on the mortgage was paid into court by him.

BILL IN EQUITY to redeem from a mortgage of real estate, filed in the Superior Court on January 27, 1931, and afterwards amended.

The suit was referred to a master. Material facts found by him are stated in the opinion.

The defendant filed an objection to the report and the motion to recommit described in the opinion.

The suit then was heard by *Lummus*, J., by whose order there was entered the final decree described in the opinion. The defendant appealed.

The case was submitted on briefs.

*W. L. Davenport*, for the defendant.

*H. E. Ward*, for the plaintiffs.

FIELD, J. This is a suit in equity. The plaintiffs are John Dobias, senior, his son, John Dobias, junior, and the latter's wife, Agnes Dobias. The defendant is Joseph Faldyn, executor of the will of Barbara F. Muzik, deceased. The bill of complaint, as finally amended, alleges, in substance, that Barbara F. Muzik conveyed certain real estate to John Dobias, senior; that the grantee gave to the grantor a promissory note for $1,500, secured by mortgage of the deeded premises, and later paid $600 on his note; that, subsequently, John Dobias, senior, conveyed the premises to John Dobias, junior, and his wife, subject to the mortgage; that the plaintiffs John Dobias, senior, and his son were copartners and, as such, performed services for said Barbara F. Muzik and advanced money to her, which she agreed should be applied to reduce or extinguish the note; that the defendant was appointed executor of her will; that he had instituted proceedings to foreclose the mortgage without having the amount which Mrs. Muzik was indebted to the plaintiffs determined and applied to the indebtedness on the mortgage note, and that such foreclosure would injure the plaintiffs, who would be without remedy to secure their rights. The prayers are that an accounting be had, that the amount found to have been due from Barbara F. Muzik to the plaintiffs be applied to reduce or extinguish the mortgage indebtedness, that the plaintiffs be allowed to redeem the premises from the mortgage upon paying the balance due from them after such application, and that the defendant be ordered to discharge the mortgage upon such payment.

The case was referred to a master by an order of reference requiring him to "report his findings . . . together with such facts and questions of law as either party may request." He made a report in which he found that Barbara F. Muzik,

by deed dated May 27, 1920, conveyed the premises in question to John Dobias, senior, who gave her a promissory note for $1,500 secured by mortgage of the deeded premises, that he paid $600 thereon and thereafter, on April 11, 1924, conveyed the premises to John Dobias, junior, and his wife, subject to a mortgage to Barbara F. Muzik in the sum of $900 which the grantees assumed and agreed to pay, the grantor agreeing to pay all interest due on the mortgage to the date of such conveyance, that Barbara F. Muzik left this country in April, 1921, for Czechoslovakia and never returned, but died there prior to May, 1930, that she left a will, naming the defendant as executor, which was duly admitted to probate, that there was due on the mortgage note up to March 9, 1931, principal and interest amounting to $1,441.97, except as such amount should be reduced by the indebtedness of Mrs. Muzik to the plaintiffs, and that the defendant had begun foreclosure proceedings under the power of sale contained in the mortgage. The matter now in controversy is whether there should be such a reduction by the amount of $921.10 and interest thereon.

The master found facts in regard to amounts claimed to be deductible and concluded that "the plaintiffs are entitled to a credit on the note of $921.10" with adjustments for interest and costs of foreclosure actually incurred, and that the "balance of such computation is the amount due on the said mortgage." Thereafter such balance — according to a computation not now attacked, $725.62 — was paid into court by the plaintiffs. The plaintiffs filed objections to the master's report which are not now material. The defendant filed an objection to the part of the master's report wherein he found that the plaintiffs were "entitled to a credit on the note of $921.10," on the ground that it appears by the report that such finding was not warranted, and moved that the report be recommitted to the master to "report all evidence, not now contained in the report, which led him" to make that finding, or to report "that all the evidence on which said finding was made is contained in the report."

A final decree was entered which overruled the objections — deemed to be exceptions under the rule — and confirmed

the report, recited that the plaintiffs had paid into court the sum of $725.62, and that this sum "constituted the entire amount due upon the mortgage," directed the clerk of courts to pay said sum to the defendant with accumulations thereon, enjoined the defendant from foreclosing, assigning, or transferring the mortgage and from "attempting in any way to enforce or collect said mortgage or the note or claim thereby secured," and commanded him to deliver a sufficient discharge of the mortgage to the plaintiffs. The defendant appealed.

The decree did not deal in terms with the defendant's motion that the report be recommitted for a report of the evidence which led the master to find "that the plaintiffs are entitled to a credit on the note of $921.10" or for a report "that all the evidence on which said finding was made is contained in the report," but inferentially, by the confirmation of the report, the motion was denied. Such was not reversible error. The order of reference did not require the master to report evidence (*Brine* v. *Parker*, 271 Mass. 86, 93), and recommittal for that purpose was within the discretion of the judge. *Silva* v. *Turner*, 166 Mass. 407. *Webster* v. *Kelly*, 274 Mass. 564, 573.

It was not error to overrule the **defendant's** exception and confirm the report.

The master states in the report that his finding that "the plaintiffs are entitled to a credit" of $921.10 and interest was made after a "careful consideration of all the evidence." Unlike the conclusion of the master in *Robinson* v. *Pero*, 272 Mass. 482, 484, this finding was not based wholly upon subsidiary findings. As the evidence is not before us we cannot determine whether the finding was supported thereby, but the question for our consideration is whether on the face of the report this finding is inconsistent with other findings and plainly wrong. *Davenport* v. *King*, 273 Mass. 31.

The finding so far as it imports that Barbara F. Muzik was indebted to the plaintiffs in the sum of $921.10 is not necessarily inconsistent with the other findings. (As the master's report was filed before Agnes Dobias was made a

party plaintiff, the word "plaintiffs" in the report is to be interpreted as referring to John Dobias, senior, and his son.) The master found that in September, 1919, Mrs. Muzik was left alone upon her farm, that she harvested her crops, sold her personal property in October, and her farm, the mortgaged premises, in the following May, that about April 1, 1921, she left for New York and later in that year sailed for Europe, and on her departure told John Dobias, senior, that, when she returned, "We will settle up everything," that she became mentally incompetent and the Czechoslovakian government, in the year 1926, appointed a committee to manage her affairs, and that from the time she left America until she became incompetent she did not try to collect the mortgage from the plaintiffs. The $921.10, for which the master found she was indebted to the plaintiffs, included an item for her board and room from October 1, 1919, to April 1, 1921, and an item in October, 1919, for filling silo, and picking and carting apples. The master found that the board and room were furnished to her at the home of John Dobias, senior, and that he and his son were engaged in the common enterprise of operating his farm. These findings are wholly consistent with the existence of an indebtedness to them from her, on account of the items in question, in the amount stated. There are other findings, however, which might be thought to cast doubt upon this conclusion. The master states that the plaintiffs produced no reliable books of account, but relied upon their memories for the items of the account, that they had made no demand for payment before bringing this bill in equity, that there was never an accounting between the plaintiffs and Mrs. Muzik, and that when, on or about April 12, 1926, a demand was made upon John Dobias, junior, to pay the mortgage, he made no claim in reply to said demand for any amount due to him or to his father and himself. The findings that John Dobias, senior, gave the note secured by mortgage to Barbara F. Muzik for the sum of $1,500, in 1920, and that when he conveyed the premises to his son and the latter's wife he recited in the deed that they were conveyed subject to a mortgage to Barbara F. Muzik in the sum of

$900, suggest improbability that either of these amounts was to be reduced by reason of existing indebtedness of Mrs. Muzik. However, we cannot say that these findings required the conclusion that there was in fact no indebtedness from Mrs. Muzik to the plaintiffs, or that the plaintiffs were estopped to assert a claim against her estate. The statement of the master that "There is also evidence which raises a strong presumption against them" indicates that he regarded the matter as doubtful, but the report does not show that in weighing the conflicting evidence and reaching a contrary conclusion he was plainly wrong.

It properly is not contended that interest on the sum of $921.10 for any period before the entry of the bill of complaint should be credited to the plaintiffs. The master found that Barbara F. Muzik never specifically agreed to pay interest, and that there was not sufficient evidence of demand upon her for payment to entitle the plaintiffs to interest. Nor is it contended that the statute of limitations applies. See G. L. c. 260, §§ 9, 10; c. 197, § 9.

The finding attacked not only imports the existence of an indebtedness from Barbara F. Muzik to the plaintiffs, but also expressly states that "the plaintiffs are entitled to a credit" for the amount of such indebtedness, so that the balance struck "is the amount due on the . . . mortgage." This is a finding of fact, though deducible from other facts and involving rulings of law. *W. T. Tilden Co.* v. *Densten Hair Co.* 216 Mass. 323, 327. However, the report does not disclose that the defendant requested the master to report any question of law, or that the master acted upon an erroneous view of the law. See *First National Bank of Haverhill* v. *Harrison*, 271 Mass. 258, 263. Consequently, it is to be assumed that he found the subsidiary facts, not inconsistent with his reported findings, which on a correct view of the law would support his ultimate finding.

If Barbara F. Muzik agreed with the plaintiffs that her indebtedness to them should be credited on the mortgage note, they were entitled to have the amount of such indebtedness ascertained and so credited in this suit in

order to determine the balance due under the mortgage which one or both of them must· pay in order to redeem from the mortgage. *Holbrook* v. *Bliss*, 9 Allen, 69, 77. See also *Abbott* v. *Foote*, 146 Mass. 333, 334; *Adams* v. *Grundy & Co. Inc.* 256 Mass. 246, 249. If there was such an agreement, this is not an attempt to set off a debt wholly independent of the mortgage, as in *Mayhew* v. *Martha's Vineyard National Bank*, 203 Mass. 511. In that case the principle applied was that "in the absence of an agreement between the parties" the amount to be paid to redeem "is not what would be found to be due upon a general settlement of all debts and accounts, but merely what is due under the mortgage." Page 515. See also *Clark* v. *Story*, 208 Mass. 36, 40; *O'Brien* v. *McGeough*, 222 Mass. 303, 304. "But any express agreement for a set-off directly affects this amount." *Holbrook* v. *Bliss*, 9 Allen, 69, 77.

There is no express finding that Barbara F. Muzik agreed with the plaintiffs that her indebtedness to them should be credited on the mortgage note, but there is no finding inconsistent with the existence of such an agreement. Clearly, her promise that on her return from Europe "We will settle up everything" is not inconsistent therewith. It appears that the master refused to make certain specific findings as to the agreement between the plaintiffs and Mrs. Muzik as requested by the plaintiffs. But the master might have found that there was an agreement without finding that it was in the form stated in either of the requests. Moreover, the denial of a request for a finding does not amount to an affirmative finding to the contrary.

Since the report was confirmed rightly, the decree fixing the amount due under the mortgage in accordance with the finding in such report was correct. Under G. L. c. 244, § 24, the defendant is entitled to the costs of the suit. The suit was brought without previous tender and there is no finding that tender was prevented by the default of the defendant. It is immaterial that after the suit was commenced and before entry of the final decree the amount found due on the mortgage was paid into court. The case

resembles *Mills* v. *Day*, 206 Mass. 530, 533–534, rather than *Flynn* v. *Curtis & Pope Lumber Co.* 255 Mass. 352, 358.

The decree must be modified to allow to the defendant the costs of the suit and, so modified, affirmed.

*Ordered accordingly.*