BEACON HILL CREDIT UNION *vs.* JACOB J. TUTUN.

Suffolk.     March 7, 1932. — March 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Credit Union.   Set-off.   Insolvency.*

In a suit in equity commenced in February by a credit union doing business under St. 1926, c. 273, against an attorney at law for an accounting, the defendant made a claim of set-off for the amount of shares in the plaintiff corporation and a deposit with it.  It was found that, in the previous December, the defendant demanded payment of the shares and the deposit; that, although the plaintiff's by-laws entitled the plaintiff's directors to require shareholders and depositors to give notice of intention to withdraw a certain period of time previous to withdrawal, the directors had not voted to make such a requirement; that the plaintiff was not insolvent in December or thereafter; and that the plaintiff in May voted to liquidate and appointed a liquidating committee under the statute.  There was no finding that all debts of the plaintiff and deposits other than those of the defendant had not been paid.  *Held,* that

(1) At the commencement of the suit, the defendant had a claim against the plaintiff of such a nature as to be a proper subject of set-off under G. L. c. 232, § 1, against the plaintiff's claim;

(2) A finding that the plaintiff was insolvent was not required by the finding that the plaintiff had voted to liquidate;

(3) To permit the defendant to set off his claim would not violate St. 1926, c. 273, § 29, in the circumstances;

(4) The defendant was entitled to set off his claim.

BILL IN EQUITY, filed in the Superior Court on February 17, 1931.

The pleadings and material facts found by a master to whom the suit was referred are described in the opinion. By order of *F. T. Hammond,* J., there were entered an interlocutory decree confirming the master's report and the final decree described in the opinion.  The plaintiff appealed from the final decree.

*W. Aronoff,* for the plaintiff.

*J. J. Tutun, pro se.*

SANDERSON, J.  This is a bill in equity brought by a banking corporation, organized under G. L. c. 171, now

amended and superseded by St. 1926, c. 273, against the defendant, an attorney at law, seeking an accounting for moneys collected by the defendant for the plaintiff, and for further relief.

The defendant in his answer set up a claim in set-off of deposits made by the defendant with the plaintiff and of shares in the plaintiff corporation owned by the defendant, for which he made demand on December 12, 1930.

The master found that the plaintiff has been organized for about ten years and since 1926 has conducted its business under the statute of that year to which reference has been made. The purposes for which it was incorporated are stated in art. 1, § 2, of its by-laws as follows:. "This credit union is wholly cooperative in purpose, having been organized solely for the promotion of thrift among its members by the accumulation of their savings in small amounts, and the loaning of such accumulations to its members for provident purposes at a moderate rate of interest." The business which the defendant did for the plaintiff was mostly the collection of notes. It was found by the master that the amount in which the defendant was indebted to the plaintiff was $2,356.18, subject to his counterclaim for fees, disbursements and services. He found that the fair value of the services rendered by the defendant to the plaintiff amounted to $1,530, and his disbursements aggregated $709.52, so that on this part of an accounting there was due the plaintiff a balance of $116.66.

The defendant was found to have to his credit as a shareholder of the plaintiff sixty shares with an aggregate par value of $300, and the sum of $20.35 on deposit to his credit. The bill was filed February 17, 1931, and the answer on the twenty-fifth day of the same month. On May 19, 1931, the plaintiff voted to liquidate and a committee was appointed for the purpose. This action was taken upon the recommendation of the bank commissioner. The plaintiff objected to the taking of any testimony on the question of shares and deposits standing in the name of the defendant with the plaintiff, on the ground that he was not entitled as matter of law to a set-off of these shares and deposits, but the evidence

was admitted. An interlocutory decree was entered overruling exceptions to and confirming the report, after which a final decree was entered adjudging that the defendant is indebted to the plaintiff in the sum of $116.66 and that the plaintiff is indebted to the defendant in the sum of $320.35, representing the shares of stock with a par value of $300 and deposits of $20.35, and ordered the plaintiff to pay the defendant the difference with costs. The plaintiff appealed only from the final decree.

The by-laws of the plaintiff provide that money paid in on shares may be withdrawn on any day when payments on shares may be made, but the directors have the right to require a shareholder to give ninety days' notice of intention to withdraw. They also provide that deposits may be withdrawn on any day when the plaintiff is open for business, but that directors may require a depositor to give sixty days' notice of his intention to withdraw the whole or any part of the deposit. The pass book held by the defendant contained the printed words, "Shares may be withdrawn only upon written application, and the Credit Union reserves the right to withhold payment for thirty days from date of application," and also the words, "Money may ordinarily be withdrawn on demand, but the depositor may at any time be required by the credit union to give notice of an intended withdrawal not less than thirty days before a withdrawal is made."

The master found that the directors passed no vote requiring shareholders to give ninety days' notice of withdrawal, nor did they vote to withhold payment for thirty days after the application for withdrawal of shares or to require depositors to give either thirty or sixty days' notice of their intention to withdraw deposits. Sometimes when the amounts to be withdrawn were large, small payments were made and promises looking to the future given. The master was unable to find upon the evidence that the credit union was insolvent on December 12, 1930, or at any time thereafter. The withdrawal slips sent by the defendant to the credit union on December 12, 1930, covered all but $5 of his share account and all of his deposits, and in accord-

ance with the terms of the by-laws even without this demand he was entitled to have the money representing the shares and the amount of the deposit paid. At the commencement of the action the defendant had in his own right a claim against the plaintiff of the kind described in G. L. c. 232, § 1, which might be set off against the plaintiff's claim. In *Fiske* v. *Steele*, 152 Mass. 260, 261, the court said: "A set-off is an assertion of a counter, distinct, and independent demand and cause of action, affording, to the extent to which it is sustained, a legal reason why the defendant should not be called upon to pay the demand sued, but it is not a defence thereto." See *Blake* v. *Corcoran*, 211 Mass. 406.

There is nothing in the record to control the finding that the plaintiff has not been insolvent at any time. A vote to liquidate even if passed by the requisite number of shareholders would not require such a finding. Cases which have considered the rights in set-off of depositors in insolvent institutions need not be considered. Where there is no appeal from an interlocutory decree confirming a master's report and overruling exceptions thereto the only question for our determination is whether on the record and the master's report the decree is proper. *Sousa* v. *Manta*, 267 Mass. 246, 249. *Hermanson* v. *Seppala*, 272 Mass. 197, 199. The plaintiff contends that to permit the defendant to set off his shares would be in violation of St. 1926, c. 273, § 29, which provides that "At any meeting specially called for the purpose, the members, upon recommendation of not less than two thirds of the board of directors, may, by a two thirds vote of those present and entitled to vote, vote to liquidate the corporation. A committee of three shall thereupon be elected to liquidate the assets of the corporation under the direction of the commissioner, and each share of the capital stock . . . shall be entitled to its proportional part of the assets in liquidation after all deposits and debts have been paid." But the plaintiff has failed to prove any valid vote to liquidate and the vote, if valid, was not passed until more than three months after the date when by the terms of

G. L. c. 232, § 1, the rights of the parties in the matter of set-off were fixed. The question now sought to be raised on this point was not suggested in any pleadings filed by the plaintiff, and there is no finding that all debts and deposits other than those of the defendant have not been paid. In this state of the record the defendant is entitled to a set-off of his shares as well as of his deposits.

*Decree affirmed with costs.*