KATHERINE MacLEOD *vs.* CORA DAVIS.

Barnstable.    January 16, 17, 1935. — March 29, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Equity Pleading and Practice*, Appeal; *Master*: findings, exceptions to report. *Drain. Easement. License. Prescription. Evidence*, Presumptions and burden of proof.

Discussion by LUMMUS, J., of the force and effect of findings by a master in a suit in equity.

The fact, that the owner of land in which another maintained a drain for a period of more than twenty years "never spoke to" the other person during that period "objecting to the use of the drain," warranted a finding that the owner acquiesced in the maintenance thereof and therefore was consistent with a conclusion that the other person had acquired an easement to maintain the drain by prescription.

As matter of law, a license given by a landowner to another to maintain a drain in the land expired upon the landowner's death, so that a finding, that after his death the maintenance of the drain was adverse and under a claim of right, was not unwarranted because of the original giving of the license.

The presumption, that a use of land beginning with the permission of the landowner continues so, is rebuttable.

Where the ultimate and decisive finding by a master in a suit in equity purported to be based "on all the evidence" and did not purport to be merely a conclusion drawn from subsidiary facts stated in his report, no order was made or sought requiring the master to report all the subsidiary facts upon which such finding was based, and none of the subsidiary facts stated was so inconsistent with such finding as to invalidate it, such finding must stand.

An exception to a master's report in a suit in equity was impliedly overruled by the entry of an interlocutory decree confirming the report; and where the excepting party did not appeal from that decree his exception was not open before this court upon appeal from a final decree not erroneously affected in that respect by the interlocutory decree.

BILL IN EQUITY, filed in the Superior Court on June 23, 1933.

The suit was referred to a master. The bill, material findings by the master, and decrees entered by order of *Donahue*, J., are described in the opinion. The plaintiff appealed "from the decision of" the judge.

The defendant's ninth exception to the master's report was as follows: "For that the master's conclusion . . . that there was no evidence before him to show that the . . . [plaintiff] in any way contributed to causing the overflowing of the drain, is inconsistent with the subsidiary fact that she was a user of the drain."

*V. P. Clarke*, for the plaintiff.

*H. J. Winslow*, (*O. K. Nellson* with him,) for the defendant.

LUMMUS, J.   In 1896 the Center Church, and one Kemp, a predecessor in title of the plaintiff, owned separate lots of land on the northerly side of Commercial Street in Provincetown.   One Chase, the first husband of the defendant and her predecessor in title, owned land on the southerly side of Commercial Street, running down to the harbor.   Chase orally "granted permission" to Kemp and the Center Church to run a sewer drain from their lots across Commercial Street

and through Chase's land to the harbor.  Chase himself connected his house with the drain.  In 1899 Chase died, and the defendant succeeded to his title.  In 1902 and 1908 other owners of houses on the northerly side of Commercial Street connected them with the drain.  In 1904 and 1928 the town of Provincetown connected catch basins in Commercial Street with the drain, in order to carry off surface water.  In the latter year, at least, this was done at the request of the defendant.  From 1896 until 1930 all the persons whose buildings were connected with the drain enjoyed the free use of it without objection.

In 1931 and 1932 the catch basins overflowed as a result of excessive rains, and on one occasion in the fall of 1932 the water was about two inches deep in the street, had an offensive odor, contained leaves, twigs, sewage and paper, and overflowed the defendant's land.  In November, 1932, the defendant caused the drain to be closed up at the edge of her land at the street, so that it could no longer be used. The plaintiff brought this bill to compel the opening of the drain.

The master found that the drain had been used without interruption by the plaintiff and her predecessors in title for more than thirty-five years and until 1932 openly, adversely and under a claim of right, with the acquiescence and knowledge of the defendant and her predecessors in title. The judge modified the master's report by finding that the plaintiff's use of the defendant's land for a drain "was permissive in its origin and has never ceased to be permissive," and dismissed the bill with costs.  The plaintiff appealed.

Questions of fact arising on the face of a master's report are open for decision by the judge, and also by this court on appeal, and both the judge and this court on appeal may draw additional or different conclusions of fact from facts found by the master.  *Robinson* v. *Pero*, 272 Mass. 482, 484.  *Ryder* v. *Donovan*, 282 Mass. 551, 554.  *Hannah* v. *Frawley*, 285 Mass. 28, 31.  *Jason* v. *Jason*, 289 Mass. 72, 79.  The master's finding of subsidiary facts, which ordinarily cannot be attacked because the evidence is not reported, prevails over any conclusion reached by

him inconsistent with the subsidiary facts found. *Young* v. *Winkley*, 191 Mass. 570, 573. *Craig* v. *Warner*, 216 Mass. 386, 393. *Arcisz* v. *Pietrowski*, 268 Mass. 140, 146. *Vinal* v. *Gove*, 275 Mass. 235, 242. *Glazer* v. *Schwartz*, 276 Mass. 54, 56. See also *Nelson* v. *Belmont*, 274 Mass. 35, 39; *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 279 Mass. 314, 319; *Duralith Corp.* v. *Leonard*, 274 Mass. 397, 401. A master is not always required to find subsidiary facts by which the validity of his general findings may be tested. It would be impracticable for him to analyze every finding into its constituent elements, or, to change the figure, to exhibit the entire structure of evidence and inference upon which every finding rests. *Haskell* v. *Merrill*, 179 Mass. 120, 123. *Prudential Trust Co.* v. *McCarter*, 271 Mass. 132, 139. Whether, or how far, he shall be required to do that with respect to any finding, rests in the discretion of the court that appointed him. *Epstein* v. *Epstein*, 287 Mass. 248, 254. *Pearson* v. *Mulloney*, 289 Mass. 508, 513. On vital points, where the propriety of the conclusion may be doubtful, some refinement in analysis is just and reasonable, and is likely to be required. *Pray* v. *Brigham*, 174 Mass. 129. *Wilson* v. *Jones*, 280 Mass. 488.

A general finding upon an issue, or any other finding capable of analysis, is as conclusive, in the absence of the evidence, or of inconsistent subsidiary findings, as though it were a finding of the smallest and most elementary fact. *Davenport* v. *King*, 273 Mass. 31, 34. *Shapira* v. *Budish*, 275 Mass. 120, 125. *Dobias* v. *Faldyn*, 278 Mass. 52, 56. This is true even though the finding expresses in a word or phrase a conclusion of law from facts, and thus contains an admixture of law. *Haskell* v. *Merrill*, 179 Mass. 120, 123. *Morrell* v. *Kelley*, 157 Mass. 126. *Pray* v. *Brigham*, 174 Mass. 129. *Seemann* v. *Eneix*, 272 Mass. 189, 191. *Dobias* v. *Faldyn*, 278 Mass. 52, 56, 58. *Tortorella* v. *H. Traiser & Co. Inc.* 284 Mass. 497, 500. In the absence of a report of all the evidence, the judge, or this court on appeal, is seldom able to reverse a general finding made by a master unless it purports to be a mere conclusion

from subsidiary facts fully stated. *Nichols* v. *Atherton,* 250 Mass. 215, 217. *Storey* v. *Brush,* 256 Mass. 101, 104, 105. *Robinson* v. *Pero,* 272 Mass. 482, 484. *Hannah* v. *Frawley,* 285 Mass. 28, 31. *Titcomb* v. *Carroll,* 287 Mass. 131, 135.

In the present case, the ultimate finding of the master that the use of the drain for more than thirty-five years was open, adverse and under a claim of right, with the knowledge and acquiescence of the defendant and her predecessors in title, did not purport to be a mere conclusion from subsidiary facts fully stated, but was declared to be based "on all the evidence." Neither the defendant nor the Superior Court sought to require the master to state all the subsidiary facts upon which the finding was based. The report contains no subsidiary findings so inconsistent with the ultimate conclusion that it cannot stand.

The subsidiary finding that "the respondent [defendant] and her predecessors in title during these years never spoke to the complainant [plaintiff] or any of the other joiners objecting to the use of the drain," tends in favor of the conclusion of the master rather than against it, for it tends to prove acquiescence, a necessary element in prescription. *Powell* v. *Bagg,* 8 Gray, 441. *Edson* v. *Munsell,* 10 Allen, 557, 568, 569. *Brayden* v. *New York, New Haven & Hartford Railroad,* 172 Mass. 225. *Graves* v. *Broughton,* 185 Mass. 174. *Robert* v. *Perron,* 269 Mass. 537, 541. The fact that any license granted by Chase expired, as matter of law, on his death in 1899 (*Johnson* v. *Carter,* 16 Mass. 443; *Drake* v. *Wells,* 11 Allen, 141, 144; *Clapp* v. *Boston,* 133 Mass. 367, 368; *Nelson* v. *American Telephone & Telegraph Co.* 270 Mass. 471, 480), made possible a finding that after that date at least the use was adverse and under a claim of right. *Blaisdell* v. *Portsmouth, Great Falls & Conway Railroad,* 51 N. H. 483. *Burkhart* v. *Zimmerman,* 239 Mich. 491. The principle that a use beginning by permission is presumed so to continue (*Flagg* v. *Phillips,* 201 Mass. 216, 218; *Truc* v. *Field,* 269 Mass. 524, 528, *et seq.*), states only a rebuttable presumption. Moreover, a landowner may assent to a use as of right, and in that case the creation of an easement by prescription is helped rather

than hindered by the initial assent. *Bassett* v. *Harwich*, 180 Mass. 585. *Stearns* v. *Janes*, 12 Allen, 582. *Bigelow Carpet Co.* v. *Wiggin*, 209 Mass. 542, 549. *Robert* v. *Perron*, 269 Mass. 537. We have no means of knowing that there was not evidence, not recited in the report, amply sufficient to justify the conclusion of the master, and we need not consider whether justification for it could be found in the report as it stands.

It follows that the master's report, including the general conclusion that the plaintiff had acquired an easement by prescription, should have been confirmed without modification. The question of evidence, raised by the ninth exception of the defendant to the master's report, was impliedly disposed of by the interlocutory decree confirming the master's report with the modification, and the defendant claimed no appeal. It is no longer open. The interlocutory and final decrees are reversed, the master's report is confirmed without modification, and a final decree is to be entered for the plaintiff, with costs.

*Ordered accordingly.*